CASEY, RESPONDENT, v. WRIGHT, APPELLANT.

[Submitted October 3, 1893.   Decided April 2, 1894.]

TAXATION—*Cloud upon title—Complaint in action to remove.*—A complaint in an action to set aside a tax deed as a cloud upon plaintiff's title, which avers an irregular assessment of the property in controversy and its subsequent sale for unpaid taxes, but which does not allege some injustice or injury to plaintiff resulting from such assessment, or that plaintiff has paid, or offers to pay, the taxes for which the property is properly chargeable, fails to state a cause of action for equitable relief.

SAME—*Sale of property in gross.*—A tax sale of plaintiff's town lots, in connection with others, for the gross amount of taxes due upon all is void.

*Appeal from Seventh Judicial District, Custer County.*

ACTION to remove a cloud upon title:   Judgment was rendered for the plaintiff below by MILBURN, J.   Reversed.

*Middleton & Light,* for Appellant.

*Strevell & Porter,* for Respondent.

PEMBERTON, C. J.—Plaintiff claims in his complaint to be the owner of lots 1, 2, and 3, in block 81, of Miles City in Custer county in this state, and alleges that the defendant claims some interest or title therein by virtue of a tax deed to said property, which is of record in said county, and which said tax deed is claimed to be a cloud on the title of plaintiff to said property.   This suit is brought to remove said cloud.

The plaintiff alleges in his complaint, in substance, that said lots were attempted to be assessed for taxes for the year 1888, by the assessor of said county; that the assessment thereof was invalid, for the reason that said lots were assessed in gross, and not separately; that the taxes thereon for said year were not paid, and that they were thereafter sold by the treasurer of said county for such delinquent taxes; that said lots and eight others in different blocks of said Miles City, were sold in a lump, or in gross, for the total amount of taxes remaining unpaid for said year 1888 on all of said lots so sold by said treasurer; the plaintiff alleging such gross assessment and gross sale of said lots, being in violation of law, were, for such reason, void.

The defendant demurred to the complaint on the ground

that it did not state facts sufficient to constitute a cause of action.  This demurrer was overruled.  The defendant filed his answer, which contains a general denial in words and form, but he sets out therein the assessment of said lots for said year 1888, contained in the tax list including said property for said year, which list was made out and returned by the assessor, as no owner of said property returned any list thereof for said year.  The answer also contains a copy of the certificate of sale of the transfer of said property so sold for taxes for said year, and also a copy of the tax deed attacked in this action. From these exhibits, which are part of the answer, and must be construed with the denial therein contained, we think the allegations of the complaint, in these respects, were not sufficiently denied.  On these grounds, among others, the plaintiff demurred to the answer, and the demurrer was sustained. Defendant declining to amend, and having decided to stand on his answer, judgment was rendered in favor of the plaintiff. Defendant appeals from the judgment.

The first assignment of error is the action of the court in overruling defendant's demurrer to the complaint.  The complaint contains no allegation of payment, or any offer to pay whatever just amount of taxes such lots were legally chargeable with for the year 1888.  Defendant claims that, although the assessment complained of may have been irregular, and, in some cases, might be held invalid, yet that in this equitable proceeding for cancellation the plaintiff, before he can ask equity, must do or offer to do equity, which rule would require that he pay or offer to pay the just amount of taxes for which said lots were legally chargeable for said year.  Defendant further claims that said complaint does not charge that the taxes assessed against said lots were unjust or unequal, or show any other equitable grounds for not paying them.

In *Stockle* v. *Silsbee*, 41 Mich. 615, in a case involving an irregular assessment, Mr. Justice Cooley says: "In reviewing the case it is a little embarrassing not to find the defects which are supposed to be fatal pointed out, especially as the finding recites many irregularities, some of which are obviously trivial and unimportant, and unworthy of a moment's consideration. Possibly some of these may have seemed to the court fatal,

but the time has gone by, if it ever was, when the proceedings of taxing officers are to be criticised with microscopic nicety; and the exact time and method of every step examined to detect a departure from the law, however insignificant or unconstitutional. The policy of the law is that parties shall pay legal taxes, even though there may be some irregularity in demanding them, and that they shall complain to the courts of those errors only which may injure them. The possibility of collecting the state revenue depends upon the observance of this policy, and we do not feel called upon to examine in detail every irregularity which a record may show."

In *Fifield* v. *Marinette Co.*, 62 Wis. 532, a case similar to the one at bar, the court says: "It was further said in the case of *Hart* v. *Smith*, 44 Wis. 218: 'Nor do we understand that the rule, long established in courts of equity, that he who seeks equity must do equity, is qualified or abrogated in favor of a party who seeks to remove a cloud upon his title to real estate by reason of illegal proceedings taken to enforce a valid tax assessed thereon, and that such party may demand as a right from a court of equity that such cloud shall be removed without his doing what justice and equity demand; that is, pay the tax. None of the cases in this court recognize any such right on the part of the plaintiff, and we think no such right exists. It would be a gross impeachment of the power of a court of equity to deny it the right to demand of its suitors good faith and common honesty before it shall be compelled to grant them any relief.' . . . . We must hold, therefore, that a complaint which does not allege in direct terms the injustice and inequality of the tax assessed upon the plaintiff's lands, and further allege a state of facts which, if proved on the trial, would establish the truth of the general allegation of its injustice, does not state facts sufficient to constitute a cause of action for equitable relief, unless there be a further allegation of an offer to pay the taxes justly chargeable to the property of the plaintiff on account of which he seeks relief."

In *Wisconsin Cent. R. R. Co.* v. *Lincoln Co.*, 67 Wis. 478, where the assessment roll was not signed or verified by the assessor, as required by law, the court say: "The question is, do these irregularities and defects in the assessment and levy-

ing of the taxes of 1876, or either of them, render the tax proceedings so utterly null and void that it can correctly be said that no taxes were assessed against the plaintiff's land in that year? If none were so assessed, probably the exception in section 4, chapter 21, of Laws of 1877, will not apply to such lands. We conceive that the judgment of this court in *Fifield* v. *Marinette Co.,* 62 Wis. 532, answers the above question in the negative. In that case, as in this, the document purporting to be the assessment-roll, and which was the foundation of all the subsequent tax proceedings, was not signed, or otherwise verified, by the assessor. It was held that the tax certificates were not necessarily void in equity because of such omission, and that, to entitle the plaintiff to relief, he must show that the tax levied against his property was unequal and unjust; and, as a condition of relief, he must offer to pay the sum as taxes which in justice and in equity he ought to pay. In other words, it was held that such defective assessment is not a nullity, furnishing no foundation for a tax based upon it; but that a court of equity regards such assessment and tax levy as conditionally voidable; the condition being that the party complaining of the omissions and defects in the tax proceedings must show that these have resulted in injustice to him, and must pay, or offer to pay, the amount which, under a just assessment, would be required of him." In *State* v. *Cooper,* 59 Wis. 666, the court says: "The relator is asking relief from an improper assessment in view of taxation. In such a case he must show equity in his behalf and not attempt to evade just taxation." In *Northern Pac. R. R. Co.* v. *Patterson,* 10 Mont. 90, this court quotes with approval the language of Mr. Justice Miller in *National Bank* v. *Kimball,* 103 U. S. 732, which is as follows: "We have announced more than once that it is the established rule of this court that no one can be permitted to go into a court of equity to enjoin the collection of a tax until he has shown himself entitled to the aid of the court by paying so much of the tax assessed against him as it can be plainly seen he ought to pay; that he shall not be permitted, because his tax is in excess of what is just and lawful, to screen himself from paying any tax at all until the precise amount which he ought to pay is ascertained by a court of

equity; and that the owner of property liable to taxation is bound to contribute his lawful share to the current expenses of the government, and cannot throw that share on others while he engages in an expensive and protracted litigation to ascertain that the amount which he is assessed is or is not a few dollars more than it ought to be, but that, before he asks this exact and scrupulous justice, he must first do equity, by paying so much as it is clear he ought to pay, and contest and delay only the remainder. (*State Railroad Tax cases,* 92 U. S. 575.) This bill attempts to evade this rule by alleging that the tax is wholly void, and therefore none of it ought to be paid." (See, also, *Ward* v. *Commissioners,* 12 Mont. 23.)

From a consideration of these authorities it seems to us that the complaint should allege some injustice or injury to plaintiff, resulting from said alleged invalid assessment, or payment, or an offer of payment, of the just and legal taxes for which said property was properly chargeable for said year 1888, before equity will grant him the relief sought in this action. In this respect we think the complaint bad, and the demurrer thereto should, for these reasons, have been sustained.

The appellant further complains of the action of the court in sustaining the demurrer of plaintiff to the answer. The answer discloses the fact, as shown above, that the lots in controversy, with eight others, were sold by the treasurer of said county, all together, for the gross amount of taxes due on the eleven lots for the year 1888.

In *Terrill* v. *Groves,* 18 Cal. 149, a case very similar to the one under consideration, the court says: "The plaintiff claims under a tax deed. It seems that these lots were assessed as the property of one Alonzo Green. They were separately listed, but valued jointly, and the aggregate tax on all of them, and of two other lots in other blocks, set down. The lots sued for were contiguous to each other, and formed a part of block number twenty-eight on the plan of the city. These lots were put up and sold together for the aggregate amount of this tax. The appellants contend that this was illegal, and that the sale and the consequent deed were void; and we are of the same opinion." We think the authorities are almost uniform that

such a sale is void.  (See Blackwell on Tax Titles, 4th ed., 313; Cooley on Taxation, 341, 342, and authorities cited.)

We think, therefore, there was no error in the action of the court sustaining the plaintiff's demurrer to the answer of defendant.  But it does not follow because the sale of said property was void that the assessment of the three lots in controversy was also void.  In this proceeding we hold the assessment voidable only upon a proper showing that the assessment was unjust or injurious to plaintiff, or that he had paid, or offered to pay, the amount of taxes justly chargeable to said property for said year 1888, which amount is easily ascertainable from the tax books and rate of assessment for said year, said three lots having been assessed separately from the eight others with which they were sold.

There are other errors assigned, and extensively discussed in the briefs, but we do not consider it necessary to treat them, as we think the matters treated are decisive of the case.  The case is reversed and remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings in conformity with these views.

*Reversed.*

HARWOOD and DE WITT, JJ., concur.