[No. 19542.   Department One.—June 27, 1895.]

MARY C. HALL, RESPONDENT, v. THOMAS J. CAPPS
ET AL., APPELLANTS.

TAX SALE—SERVICE OF NOTICE TO REDEEM—INSUFFICIENT AFFIDAVIT—
INVALID DEED.—Under section 3785 of the Political Code, as it stood
in February, 1891, the affidavit of service of a notice to redeem prop-
erty from a tax sale showing that it was served by posting the notice
upon the property, but not stating that the premises were vacant and
unoccupied at the time of the posting of the notice, is insufficient, and
does not authorize the execution of a tax deed for the property.

ID.—AUTHORITY OF TAX COLLECTOR.—The power of the tax collector to
issue a tax deed comes not alone from the existence of the facts, but
from the proof of their existence made in the manner specified in the
statute, and the mode becomes the measure of his power, and he has
no authority to issue a deed until supplied by affidavit with the proof
of notice given as the statute provides.

ID.—SERVICE OF NOTICE BY POSTING—EXCEPTION TO RULE.—Service of
notice by posting upon the premises constitutes an exception to the rule
of the statute requiring personal notice, and he who would avail him-
self thereof must establish by proof the facts bringing the case within
the exception.

ID.—RECITAL IN DEED—PRIMA FACIE EVIDENCE—REBUTTAL.—The recital
in a tax deed that the purchaser at the tax sale had filed an affidavit
showing that the property was unoccupied is *prima facie* evidence of the
facts stated therein; but the presumption arising therefrom may be
rebutted by the affidavit itself not showing that the premises were un-
occupied.

APPEAL from an order of the Superior Court of San
Diego County denying a new trial.

The facts are stated in the opinion of the court.

*Daney & Wright, T. J. Capps,* and *E. E. Capps,* for
Appellants.

The statute does not expressly provide that the affi-
davit should show that the property was unoccupied, and
it should be presumed to be unoccupied in the absence
of a showing to the contrary, and proof of the fact may
be supplied. (*Hall* v. *Guthridge,* 52 Iowa, 408; Pol.
Code, sec. 3785.)

*McDonald & McDonald,* for Respondent.

The tax deed cannot be aided by parol evidence.
CVII. CAL.—33

(*Grimm* v. *O'Connell*, 54 Cal. 522–24; Pol. Code, sec. 3785; *Gage* v. *Mayer*, 117 Ill. 632.)

SEARLS, C.—This action·is to quiet the title of Mary C. Hall to lot sixteen (16) in block one hundred and seventy-five (175) of the San Diego Land and Town Company's addition to the city of San Diego, county of San Diego, state of California.

Defendants set up title in themselves, as grantees of one J. W. Payne, who claimed title to the premises under a tax deed executed March 21, 1891, upon a sale of the property made March 14, 1890, for delinquent taxes for the fiscal year 1889–90.

Plaintiff had judgment. Defendants appeal from an order denying their motion for a new trial.

The statement on the motion for a new trial shows that the cause was submitted in the court below upon an agreed statement of facts, in which was incorporated: 1. Certificate of sale; 2. Notice to redeem, with affidavit of service thereof; 3. The tax deed.

Pending the argument in the court below, counsel for plaintiff objected to the sufficiency of the affidavit attached to the notice of redemption, which is in the following language:

"STATE OF CALIFORNIA, ⎱ *ss.*
   County of San Diego. ⎰

"J. W. Payne, being duly sworn, says: That he is the purchaser at tax sale of property described in the foregoing instrument.

" That on the 16th day of February, 1891, he personally posted in a conspicuous place upon said property, to wit: Upon lot 16, block 175, of the San Diego Land and Town Company's addition to San Diego, a written notice of which the foregoing is a copy.

"S. W. PAYNE.

" Subscribed and sworn to before me, 7th day of March, 1891.                    " H. W. WEINEKE,

"Tax Collector."

Defendants thereupon offered to prove by parol evidence that the property was, at the time of posting the notice of redemption, and at all times, vacant and unoccupied. To which proposed proof the plaintiff objected, upon the ground that the same was incompetent, irrelevant, and immaterial, urged in substance that the point was not as to whether the premises were, in fact, vacant and unoccupied, but whether the tax-collector, at the time he executed the deed, had sufficient evidence of such fact based upon an affidavit, etc.

The court sustained the objection, and the ruling is assigned as error.

The notice of redemption, as above stated, was served by posting upon the property on the sixteenth day of February, 1891. At that time section 3785 of the Political Code (which was thereafter and on the nineteenth day of March, 1891, amended) required the purchaser of property sold for delinquent taxes, or his assignee, thirty days before applying for a deed, to " serve upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied, a written notice, stating," etc.

" In the case of unoccupied property a similar notice shall be posted in a conspicuous place, upon the property at least . . . . . thirty days before the purchaser applies for a deed, and no deed of the property sold at a delinquent tax sale shall be issued by the tax-collector, or any other officer, to the purchaser of such property, until after such purchaser shall have filed with such tax-collector, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit shall be filed and preserved by the tax-collector as other files, papers, and records kept by him in his office."

It will be observed from the foregoing statute: 1. That the notice must be served upon the owner of the property, or the person occupying it, in all cases, except where the premises are unoccupied, in which case it may be served by posting upon the property; 2. That

the tax collector has no authority to issue a deed for property sold until the affidavit is filed, showing that the notice " has been given as herein required."

Proof of two things are requisite to authorize the tax-collector to issue his deed in such a case: 1. The fact of posting the notice on the property; and 2. The fact that the premises are unoccupied.

Every fact stated in the affidavit of S. W. Payne may have been true, and yet the premises may have been occupied, in which event the posting would have been of no avail.

The tax-collector had no authority to issue the deed until he was supplied by affidavit with the proof of notice given as by the statute provided, and, as the affidavit in question failed to show that such notice was given, he was without authority to issue the deed.

His power comes not alone from the existence of the facts, but from the proof of their existence made in the manner specified in the statute, and the mode becomes the measure of his power.

Service of notice in such cases by posting upon the premises constitutes an exception to the rule of the statute requiring personal notice, and he who would avail himself thereof must establish by proof the facts bringing the case within the exception.

Appellant's counsel aver in their brief that it was conceded at the trial " by respondents in the stipulations herein filed that the real property in controversy was vacant and unoccupied property on the 16th day of February, 1891, the time when the purchaser thereof at the delinquent tax sale posted his notice to redeem in a conspicuous place thereon."

We fail to find any such admission in the record.

In *Clarke* v. *Meade*, 102 Cal. 516, the point made here in reference to the affidavit was not, so far as appears, made, considered, or decided.

A witness in that case testified, without objection, so far as appears, that the land was vacant and unoccupied, and that he posted the notice thereon.

The opinion shows also that the notice and affidavit were in evidence, and holds that the notice contained the matters required by section 3785 of the Political Code; but no point was made, so far as appears, as to the sufficiency of the affidavit. Its contents do not appear, and no comment is made thereon by the court.

The deed in the present case did contain a recital that the purchaser at the tax sale had filed an affidavit "showing that the above-described property is unoccupied, and that notice has been given," etc.

This we may concede to be *prima facie* evidence of the facts stated therein, but the presumption arising therefrom is rebutted by the affidavit, from which it appears that it did not show any thing of the kind.

There was therefore no error in the ruling of the court excluding the parol evidence offered by the plaintiff to show that the property was vacant and unoccupied.

As the error considered involves the validity of the tax deed, which is deemed void for want of a sufficient predicate to warrant its issue, the other errors assigned need not be considered.

The order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.