CULLEN, RESPONDENT, *v.* WESTERN MORTGAGE & WARRANTY TITLE CO., APPELLANT.

(No. 3,257.)

(Submitted May 20, 1913.   Decided June 14, 1913.)

[134 Pac. 302.]

*Real Property—Tax Deeds—Conclusiveness—Statutes—Construction—Application for Deed—Defective Affidavit—Limitations—Pleading—Amendment During Trial—Discretion.*

Real Property—Tax Sales—Mistakes in Assessment—Effect on Deed.
1. Under the rule that when land is sold as the property of a particular person for taxes which have been correctly imposed upon it, no misnomer or other mistake relating to the ownership thereof affects the sale or renders it void or voidable, a tax deed which recited that the property in question was sold for taxes upon an assessment to "American Mining Co. et al." was not void, the mistake of the assessor in not assessing to all the owners, if known to or readily ascertainable by him, having been in the nature of an irregularity or informality only.

Same—Tax Deeds—Failure to Recite Year of Assessment—Effect.

2. Where from recitals in a tax deed the year of the assessment was made apparent indirectly, the fact that it contained no direct statement imparting such information did not render the deed void.

Same—Sale Void, Where.

3. A sale of all the real property on which taxes were delinquent, at one time for a lump sum to the county, though belonging to various owners, was void, and therefore did not constitute a bar to a resale for delinquency the succeeding year.

Same—Tax Deeds—Conclusiveness—Statutes—Construction.

4. The clause of section 2654, Revised Codes, as amended (Laws 1909, Ch. 50), making a tax deed conclusive evidence of all proceedings leading up to its execution, refers to acts and proceedings required at the hands of the officers charged with duties in relation to assessment and taxation, and not to something necessary to be done by the applicant for the deed.

Same—Tax Sales—Application for Deed—Defective Affidavit.

5. *Held*, that the affidavit filed by an applicant for a tax deed which showed a service of the notice of application by posting only, without any service upon any of the owners, and failed to aver that the premises were unoccupied so as to authorize posting (Pol. Code 1895, secs. 3895, 3896; Rev. Codes, secs. 2651, 2652), was jurisdictionally defective, and that a deed issued notwithstanding such defects in the affidavit— the basis of action by the treasurer in the premises—was void.

Same—Tax Deeds—Setting Aside—Statutes—Limitations—Pleading.

6. Section 2654 as amended (Laws 1909, ch. 50), providing that any right of action to set aside a tax deed issued theretofore shall be barred unless suit be commenced within two years from the passage of the Act, being a statute of limitation, must be pleaded in the answer by one seeking to take advantage of it.

Same—Tax Deeds—Setting Aside—Applicability of Statute—Actions— Technicalities.

7. Where the sole aim of an action is to do away with a tax deed as a claim of title adverse to the plaintiff, it is an action "to set aside or annul" a tax deed so as to make the provision of section 2654, *supra*, applicable, even though it may be termed one to quiet title.

Trial—Pleadings—Amendments—Discretion.

8. After issue joined, the matter of permitting amendments to pleadings is one addressed to the sound judicial discretion of the trial court, and before the supreme court will hold a refusal of leave to amend to have been error, appellant must show an abuse of such discretion.

Same.

9. Where appellant had made no showing whatever in support of his application for leave to amend his answer and offered no excuse for delay in making it for about four months and a half after filing it and until the cause was before the court for argument, the court may not be said to have abused its discretion in refusing the leave.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Matthew Cullen against the Western Mortgage & Warranty Title Company. Defendant appeals from the judgment and from an order denying it a new trial. Affirmed.

*Mr. Massena Bullard,* and *Mr. Leslie B. Sulgrove,* for Appellant, submitted a brief; *Mr. Henry C. Smith,* of counsel, argued the cause orally.

The certificate of tax sale to Silver Bow county should not have been admitted in evidence. The attempted tax sale to that county was void. The county treasurer sought to sell to it at one time and in lump all the property upon which taxes for the time recited in the tax certificate had not been paid. The amount of the sale is $11,527.02, while the tax due upon the property embraced in this action amounted to less than eight dollars. The treasurer was without any authority whatever to make a sale of that kind. It was his duty to proceed with the sale of property in alphabetical and numerical order and to make a certificate for each sale made by him. (Rev. Codes, secs. 2636, 2638.)

It appears from the certificate of tax sale that Silver Bow county bought the property "because it was 'the person' who would take the least quantity of land sufficient to pay the taxes, penalty and costs due, including fifty cents to the treasurer, for the duplicate certificate of sale." A county cannot become a competitive bidder at a tax sale and cannot be charged with fifty cents for the duplicate certificate of sale. (*Rush* v. *Lewis & Clark County,* 36 Mont. 570, 93 Pac. 943.)

Was the tax deed under which the appellant claims title to the entire property in controversy "conclusive evidence of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed"? One of the grounds of objection interposed by respondents in the court below to the admission of the tax deed was that the deed was "void and of no effect, because it appears that the certificate of tax sale upon which same is based is defective and void, in that it does not state a description of the land sold, nor the amount paid therefor, nor the name of the person assessed, as the same appeared upon the assessment-roll." The land is decribed as "Narragansett Lode No. 1836." This is a sufficient description. The court takes judicial notice of the system of surveys prevailing in

the state. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, 90 Pac. 936.)    The certificate shows that the amount paid by the purchaser at the tax sale was $2.64.    The name of the person assessed is given in the certificate of sale as "American Ming. Co.," which is clearly an abbreviation of American Mining Company, against whom the agreed statement concedes the assessment was duly and regularly made.    The expression "et al.," following the name of the American Mining Company in the stipulation, does not constitute a name and it was not necessary that it should be repeated in the certificate of sale.

The conclusive evidence clause of section 2654, Revised Codes, is a part of the law under which the proceeding was carried on, and its effect is the same as if it declared that, although all of the intermediate steps are directed in section 2653, yet, if they are not performed as required, and the owner permits the matter to proceed until the deed is issued, he shall be thenceforth precluded from proof of such nonobservance, and the requirements shall be conclusively presumed to have been complied with, except those which are necessary to comply with constitutional mandates, and the legislature may make the deed conclusive as to matters or things which, in the first instance, the legislature might not have required to be done, and which were in their nature, therefore, nonessentials.    (*Chase* v. *Trout,* 146 Cal. 350, 80 Pac. 81; *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, 90 Pac. 936; *Phillips* v. *Cox,* 7 Cal. App. 308, 94 Pac. 377.)    Is assault upon the title barred by the statute of limitation?    Chapter 50, Laws of 1909, was approved March 3, 1909, and this case was not commenced until November 4, 1911, more than two years and eight months after the enactment of the statute.    The plaintiff is by its provisions barred from assailing the validity of the tax deed to Davenport.    It is conclusive of all its recitals and must now be held to have conveyed a good title to the purchaser and to have devested all former owners of any title that they might have had.    (*Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178; *Turner* v. *New York,* 168 U. S. 90, 42 L. Ed. 392, 18 Sup. Ct. Rep. 38; *Saranac Land etc.* v. *Roberts,* 177 U. S. 318, 44 L. Ed. 786, 20 Sup. Ct. Rep. 642.)

*Messrs. Nolan & Donovan,* for Respondent, submitted a brief;
*Mr. Louis P. Donovan* argued the cause orally.

We may preface our argument in this case with the remark
that the property here involved is worth approximately $75,000.
The appellant herein is asserting title to this property upon
a tax deed, the consideration for which was $2.64. It is this
shocking inadequacy of price which has led courts generally,
and this court in particular, to declare the rule of construc-
tion in such cases to be as follows: "The tax deed must be
construed most strongly against him who claims under it, and
where one of two constructions will support the claim of the
citizen, the deed must be held invalid." (*Rush* v. *Lewis &
Clark Co.,* 36 Mont. 566, 570, 93 Pac. 943.)

From the recital in the deed, it appears that Davenport paid
for the property in question $2.64 on the 27th day of January,
1899. The notice is dated the 26th day of December, 1901,
one day less than thirty-five months after the sale. "The
amount then due" would therefore be the sum of $2.64 and
one per cent per month for approximately thirty-five months.
(Revised Codes, sec. 2644.) This amounts to $3.564, which is
$0.026 less than the amount stated in the notice. In ordinary
cases an error of two or three cents would be ignored under the
rule "*De minimis non curat lex,*" but that rule has no applica-
tion to a statute requiring the notice of application for tax
deed to state the amount then due. (*Shine* v. *Olsen,* 110 Minn.
44, 19 Ann. Cas. 962, and note, 24 N. W. 452; *Shinkle* v. *Meek,*
69 Kan. 368, 77 Pac. 837; *Salter* v. *Corbett,* 80 Kan. 327, 102
Pac. 452; *Casner* v. *Gahlman,* 6 Kan. App. 295, 51 Pac. 56, 60
Kan. 857, 56 Pac. 1131; *Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619;
Black on Tax Titles, sec. 336; *Canty* v. *Staley,* 162 Cal. 379, 123
Pac. 252; *Simmons* v. *McCarthy,* 118 Cal. 622, 50 Pac. 761.)
The notice is also defective in that it is addressed to a total
stranger to the title. "As a general rule, the redemption no-
tice must be addressed to the person upon whom it is served.
* * * Any substantial mistake in the name of the owner of
such a character as to be misleading will vitiate the notice."

(Black on Tax Titles, sec. 333; *Steele* v. *Murray,* 80 Iowa, 336, 45 N. W. 1030.) Where the notice is fatally defective, the deed is a nullity. (*Hughes* v. *Cannedy,* 92 Cal. 382, 28 Pac. 575; *Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619.) If a deed be issued by the treasurer without proof on file in his office that notice has been given as required by the statute, the deed is an absolute nullity. The officer having acted without authority, his act is without effect, and does not prove anything or affect any rights whatsoever. (*Miller* v. *Miller,* 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247; *Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619; *Johnson* v. *Taylor,* 150 Cal. 201, 119 Am. St. Rep. 181, 10 L. R. A. (n. s.) 118, 88 Pac. 903; *Johnson* v. *Canty,* 162 Cal. 391, 123 Pac. 263; *Wetherbee* v. *Johnston,* 10 Cal. App. 264, 101 Pac. 802.)

The deed is void upon its face. It appears upon the face of the deed that the property was assessed to the ''American Mining Co. et al.'' Such an assessment is void upon its face and leaves the deed also void upon its face. (*Daly* v. *Ah Goon,* 64 Cal. 512, 2 Pac. 401; *De Frieze* v. *Quint,* 94 Cal. 653, 28 Am. St. Rep. 151, 30 Pac. 1; *Pearson* v. *Creed,* 78 Cal. 144, 20 Pac. 302; *Hughes* v. *McClellan,* 80 Cal. 393, 22 Pac. 287.)

The allowance of, or refusal to allow, an amendment to the pleadings is a matter peculiarly within the discretion of the trial court, and this discretion will not be reviewed upon appeal unless a clear abuse thereof is shown. (3 Cyc. 327, and cases cited.) It has been uniformly held that a refusal to allow an amendment setting up the statute of limitations at the close of the case is not an abuse of discretion. (*Baxter* v. *Hamilton,* 20 Mont. 327, 51 Pac. 265; 25 Cyc. 1412, and cases cited; see, also, *Neimick* v. *American Ins. Co.,* 16 Mont. 318, 40 Pac. 597; 31 Cyc. 401, 404.)

The statute of limitations will not run in favor of a tax deed which is void upon its face, and under which possession has not been taken and maintained for the statutory period of prescription. (37 Cyc. 1507.) There must be actual possession by the purchaser before the statute begins to run; and limitation of time in which one can bring an action or suit

contesting such a title cannot operate to cut off the owner's title where the tax proceeding is void, except by way of prescription which depends upon the actual possession under the tax deed. A deed upon a void sale cannot draw to it the constructive possession of unoccupied land. (Blackwell on Tax Title, secs. 944, 895; *Martin* v. *White,* 53 Or. 319, 100 Pac. 290.) The case of *Martin* v. *White,* above cited, contains an exhaustive review of the authorities upon this particular question, and is very closely reasoned. To the same effect see the extended notes under *Nind* v. *Myers,* 8 L. R. A. (n. s.) 157; *Mathews* v. *Blake,* 27 L. R. A. (n. s.) 347.

*Mr. L. J. Hamilton* presented a brief in behalf of defendant Mattie F. Curtis and intervener John H. Johns, and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

On November 4, 1911, the respondent, Matthew Cullen, brought this action as plaintiff against the American Mining Company, Ltd., H. H. Stackpole, Carl Kleinschmidt, Albert Kleinschmidt, George F. Hale, Alfred W. Hale, Mattie F. Curtis, John G. Brown, Reinhold H. Kleinschmidt, Western Mortgage & Warranty Title Company, and Anna Davenport, to quiet the title of respondent to an undivided 4/15 interest in what is called the Narragansett Lode. The complaint is in the simple form alleging ownership of such interest in the plaintiff; that the defendants named claim some estate or interest adverse to him, and that the claims of defendants are without right.

The defendants American Mining Company, Ltd., H. H. Stackpole, Carl Kleinschmidt, George F. Hale, Alfred W. Hale and Anna Davenport defaulted. Separate answers to the complaint were filed as follows: By the Western Mortgage & Warranty Title Company, denying that plaintiff has any interest in the property, alleging ownership of the whole of said property and that the Western Mortgage & Warranty Title Company and its predecessors in interest had been in the quiet

and peaceable possession thereof since January 20, 1902, asserting that plaintiff and the other defendants named claim, but without right, some interest in the property, and praying that the title of the Western Mortgage & Warranty Title Company in the same be quieted; by Mattie F. Curtis, disclaiming any knowledge of plaintiff's claim and asserting an undivided 1/48 interest in the property; by John G. Brown, disclaiming any interest in the property, and alleging that he had conveyed all his interest to the Western Mortgage & Warranty Title Company; by Reinhold H. Kleinschmidt, disclaiming any interest in the property, and alleging that he had conveyed all his interest to the Western Mortgage & Warranty Title Company; by Frank H. Cooney, substituted in place of George F. Hale, admitting plaintiff's interest as asserted, denying any claim thereto, denying that the Western Mortgage & Warranty Title Company is the owner of the property or has any interest therein, save an undivided 1/48 interest, and alleging an undivided 3/20 interest by conveyance from George F. Hale. The plaintiff replied to the answer of the Western Mortgage & Warranty Title Company, denying its claim, and also replied to the answer of Mattie F. Curtis, disclaiming any knowledge as to hers. On July 8, 1912, Lucina S. Wadsworth filed her complaint in intervention, asserting ownership to an undivided 2/15 interest by virtue of the last will and testament of Samuel H. Stuart, deceased, admitting the asserted claims of plaintiff Cullen, of defendant Curtis and of defendant Cooney, and also that John H. Johns owns a 1/24 interest, the American Mining Company an 11/30 interest, and the Western Mortgage & Warranty Title Company a 1/48 interest, and denying that the Western Mortgage & Warranty Title Company is the owner of the property or of any interest therein greater than a 1/48. On July 10, John H. Johns filed his complaint in intervention, asserting ownership of a 1/24 interest in the property, admitting the asserted claims of plaintiff Cullen, of defendant Curtis and of defendant Cooney, and also that the American Mining Company owns an 11/30 interest and the Western Mortgage & Warranty Title Company a 1/48 interest, but denying that the

Western Mortgage & Warranty Title Company is the owner
of the property or has any interest therein greater than a 1/48.

On July 12, 1912, the above-named parties entered into a
stipulation to submit the cause to the court upon the follow-
ing agreed facts: That in 1892 the title to the property in ques-
tion stood of record and was in fact vested in Alfred W. Hale
(an undivided 7/60), George F. Hale (an undivided 7/60),
Matthew Cullen (an undivided 4/15), Samuel H. Stuart (an
undivided 2/15), and the American Mining Company, Ltd. (an
undivided 11/30); that save as affected by the tax deed herein-
after referred to, the title so remains, except that in or since 1905
the above interests of Alfred W. Hale and George F. Hale became
vested in John H. Johns (an undivided 1/24), Mattie F. Cur-
tis (an undivided 1/48), Western Mortgage & Warranty Title
Company (an undivided 1/48), and Frank H. Cooney (an un-
divided 3/20), and that the above interest of Samuel H. Stuart
became vested in Lucina S. Wadsworth as his executrix and
devisee; that in 1897 the property was assessed to Samuel H.
Stuart and S. H. Stackpole for back taxes for 1891, 1892, 1893
and 1894, and such not having been paid, the property was on
February 12, 1898, after due and regular notice, offered for
sale and a certificate of sale was issued to Silver Bow county
for all property offered for sale on February 12, 1898, a list of
which, attached to the certificate, included the property in ques-
tion; that said property was redeemed from said sale on August
9, 1911, by Reinhold H. Kleinschmidt and whatever interest he
thus acquired was before the commencement of this action con-
veyed to the Western Mortgage & Warranty Title Company;
that in 1898 the property was assessed to "American Mining
Company et al.," taxes were levied and became delinquent, and
on January 27, 1899, after due and regular notice, it was
offered for sale and a certificate of its sale was issued to Lee
Davenport; that on January 5, 1902, Lee Davenport filed with
the treasurer his affidavit and notice of application for tax deed,
and on January 28, 1902, a tax deed to said property was by the
treasurer issued and delivered to said Davenport; that whatever
interest said Davenport acquired by virtue of said deed has be-

come vested in the Western Mortgage & Warranty Title Company.

It does not specifically appear when the agreed statement of facts was filed; but on July 23, 1912, Mattie F. Curtis and John H. Johns filed their separate replies to the answer of the Western Mortgage & Warranty Title Company, in effect denying the claim of ownership asserted by it; whereupon the following proceedings were had in court: "This cause coming on this day regularly on argument upon the agreed statement of facts heretofore filed herein, the parties being represented by their respective counsel, * * * it was stipulated and agreed * * * that the answer of the Western Mortgage & Warranty Title Company on file herein should stand as the answer to the complaint in intervention of John H. Johns and to the separate answer of Mattie F. Curtis, and that the replies of John H. Johns and Mattie F. Curtis filed and entered herein on this day should be deemed replies to the said answer of the Western Mortgage & Warranty Title Company; thereupon Massena Bullard, counsel for the Western Mortgage & Warranty Title Company, moved the court for leave to file an amendment to the separate answer of said Western Mortgage & Warranty Title Company, setting up a third affirmative defense which said proposed amendment is in the words and figures as follows, to wit: 'Third: For a third defense: That the plaintiff's cause of action is barred by the provisions of section 2654 of the Revised Codes of Montana of 1907, as amended by Chapter 50 of the Laws of the Eleventh Session of the Legislative Assembly of the State of Montana.' To the granting of which amendment * * * counsel for adverse parties objected, * * * which objection * * * was by the court sustained, and an exception to the ruling of the court noted on the part of the Western Mortgage & Warranty Title Company. Thereupon the case was fully argued by counsel for the respective parties and submitted to the court for consideration and decision and the case was by the court taken under advisement." On September 9, 1912, the action was dismissed as to the defendant Carl Kleinschmidt; testimony was taken as to the defendants who had defaulted,

and a general finding was made by the court in favor of plaintiff Cullen, the interveners Wadsworth and Johns, and the defendants Curtis and Cooney, and against the defendant Western Mortgage & Warranty Title Company. The judgment which was filed on September 10, 1912, decrees that the interests in the property are as follows: To plaintiff Cullen, 4/15; to intervener Johns, 1/24; to intervener Wadsworth, 2/15; to defendant Curtis, 1/48; to defendant Cooney, 3/20; and to defendant Western Mortgage & Warranty Title Company, 1/48. The costs of plaintiff, the interveners and the prevailing defendants are taxed against the Western Mortgage & Warranty Title Company, and it is decreed to be barred from asserting any claim to the property over and above an undivided 1/48 interest. From this judgment and from an order denying its motion for a new trial, the Western Mortgage & Warranty Title Company has prosecuted these appeals.

The principal question involved is the construction and application of section 2654, Revised Codes, as amended by Chapter 50, Session Laws of 1909. Section 2653, Revised Codes, provides that the matters recited in the certificate of sale must be recited in the tax deed and that such deed, when duly acknowledged or approved, is *prima facie* evidence of certain things. Section 2654 as amended, provides that such deed, except as against actual fraud, is conclusive evidence of all other proceedings from the assessment by the assessor to the execution of the deed, "and no action can be maintained to set aside or annul a tax deed, upon any ground whatever, unless the action is commenced within two years from and after the date of issuance of such tax deed; provided, that any existing right of action to set aside or annul any tax deed, heretofore issued, shall be barred unless instituted within two years from and after the passage of this Act." (Sess. Laws 1909, p. 58.) It is argued by the respondent: (1) That the deed is void upon its face and therefore the above statute has no application; (2) that the sale to Davenport was void because at the time thereof, the property stood unredeemed from a previous sale to Silver Bow county; and (3) that the deed is void for want of jurisdiction in the treas-

urer to issue it because of fatal defects in the affidavit of the purchaser. The appellant, contending that the deed is valid on its face, insists that error was committed in the admission and consideration of the certificate of sale to Silver Bow county (Exhibit "A") and the affidavit and notice of Lee Davenport for the tax deed (Exhibits "C" and "D), on the ground that under the section above quoted the deed was conclusive as to every matter to which these exhibits could be relevant. Error is also assigned upon the refusal of the trial court to allow the amendment to the appellant's answer wherein it was sought to plead section 2654 as a limitation.

1. The deed recites that the property was sold for taxes [1] upon an assessment to "American Mining Co. et al." It is urged that this implies some knowledge or understanding upon the part of the assessor that others than the American Mining Company were owners and that since our statute requires that property subject to taxation be assessed to the owner, if known, or if not known, to "unknown owners," the assessment is void, and if the deed shows such an assessment it is void upon its face. Were the question an open one in this state, the weight of authority might compel a recognition of the fact that the duty of the assessor was to assess to all the owners where they were known to or could readily have been ascertained by him, and that such an assessment as the one in question is without validity. (*McWilliams* v. *Gulf States L. & T. Co.,* 111 La. 194, 35 South. 514; *Norres* v. *Hays,* 44 La. Ann. 907, 11 South. 462; *Asper* v. *Moon,* 24 Utah, 241, 67 Pac. 409; *Clark* v. *Bragdon,* 37 N. H. 562; *Weinreich* v. *Hensley,* 121 Cal. 647, 54 Pac. 254; *De Frieze* v. *Quint,* 94 Cal. 653, 28 Am. St. Rep. 151, 30 Pac. 1; *Greenwood* v. *Adams,* 80 Cal. 74, 21 Pac. 1134; *Pearson* v. *Creed,* 78 Cal. 144, 20 Pac. 302; *Daly* v. *Ah Goon,* 64 Cal. 512, 2 Pac. 401.) But the question is settled otherwise in this state by the provisions of section 2672, Revised Codes, and by the construction thereof as twice announced by this court, to the effect that when land is sold as the property of a particular person for taxes which have been correctly imposed upon the land, no misnomer or other

mistake relating to the ownership thereof affects the sale or renders it void, or voidable (*Cobban* v. *Hinds,* 23 Mont. 338, 349, 59 Pac. 1; *Birney* v. *Warren,* 28 Mont. 64, 72 Pac. 293), such mistake being in the nature of an irregularity or informality only. (*Cobban* v. *Hinds, supra.*)

We cannot seriously consider the proposition that the tax [2] deed is void because it does not state the year in which the assessment was made. Section 2653 required the deed to recite the matters that must be recited in the certificate of sale; and section 2641 requires the certificate to recite, among other things, the year of the assessment. The deed recites that the property in question "was subject to taxation for the year 1898," and that it was duly assessed "for said year"; that the assessment for "said year" was duly equalized and the sum of $1.49 taxes was duly levied against it "for said year." When it is remembered that the rule in this state is to assess in the year for which the taxes are payable, and that the assessment, equalization and levy all occur in the same year, it would be a refinement to say that the deed is silent as to the year of the assessment or the year in which the assessment was made. No set form of words is prescribed for the recital, and while the deed may not be perfect in phrase in this regard, it is not in the same condition as that condemned by the California supreme court in *Simmons* v. *McCarthy,* 118 Cal. 622, 50 Pac. 761. Protection to the delinquent owner against the taking of his property without due process of law does not go to the length of requiring that tax proceedings "be criticised with microscopic nicety," or that tax deeds shall be rejected for every insignificant departure from verbal precision. (*Casey* v. *Wright,* 14 Mont. 315, 36 Pac. 191.)

2. Concerning Exhibit "A," the theory of respondent is that the property having been sold in 1898 to the county for delinquent taxes, it could not again be sold or exposed for sale until the period of redemption had expired, and therefore the sale in 1899 to Lee Davenport was void. Whether or not this exhibit was inadmissible in consequence of section 2654, we agree with the appellant that it should have been excluded on other

grounds. It shows upon its face that all the real property in
[3] Silver Bow county the taxes upon which were then delin-
quent, though belonging to various owners, was sold at one time
for a lump sum to Silver Bow county, "he being the person who
would take the least quantity sufficient to pay the taxes, pen-
alty," *etc.* Such a sale has no validity (*Casey* v. *Wright,
supra; Rush* v. *Lewis & Clark County,* 36 Mont. 566, 93 Pac.
943), and could not constitute any obstacle to the proceedings
of the following years. For reasons, however, which will pres-
ently appear, we do not deem the error in admitting this exhibit
as of any consequence.

3. Since the deed was not invalid on its face, the question
that next arises is whether Exhibits "C" and "D" were prop-
[4] erly admitted; in other words: Does the conclusive evi-
dence clause of section 2654 preclude inquiry into the sufficiency
of such proceedings as Davenport was required to take? This
particular provision of section 2654 appears also as section 3898
of the Political Code of 1895, which was in force at the time
the deed was applied for and given. At the same time and
in the same chapter it was provided that no deed of property
sold for delinquent taxes must be issued by the treasurer "until
after the purchaser shall have filed" with the treasurer an affi-
davit showing that there had been served upon the owner of
the property, or upon the occupant of it if it was occupied "a
written notice stating that said property or a portion thereof,
has been sold for delinquent taxes; giving the date of sale, the
amount of property sold, the amount for which it was sold, the
amount then due, and the time when the right of redemption
will expire, or when the purchaser will apply for a deed."
(Secs. 3896 and 3895, Pol. Code of 1895.) Section 3895 also
provided: "In case of an unoccupied property, a similar notice
must be posted in a conspicuous place upon the property," *etc.*
Excellent reasons exist for the belief that these sections (secs.
3895, 3896, Pol. Code of 1895) were adopted from California;
at all events, they are identical in substance with sections 3785
and 3787 of the California Political Code, and these, before the
enactment of our Code of 1895, had been construed and applied

in several decisions of the supreme court of that state. If the construction given by the California court to the California sections is not in truth an integral part of our sections, it at least commends itself in principle, and the effect of these California decisions is that the conclusive evidence provision refers, and was intended to refer, to acts and proceedings required to be done and had at the hands of public officials intrusted with the various steps leading up to the execution of a tax deed, and not to something required to be done by the applicant for the deed. (*Miller* v. *Miller,* 96 Cal. 376, 31 Am. St. Rep. 229, 31 Pac. 247; *Reed* v. *Lyon,* 96 Cal. 501, 31 Pac. 619.)  The deed is not even *prima facie* evidence that the statutory notice was given. (*Johnson* v. *Canty,* 162 Cal. 391, 123 Pac. 263.)  The question then remains whether the affidavit and notice were so [5] infirm as to affect the deed. The affidavit recites that Lee Davenport "on the 26th day of November, 1901, served by posting in a conspicuous place on said property, a written notice  *  *  *  of which a true copy is herewith attached." The true copy attached to the affidavit bears date December 26, 1901.  It is addressed "To American Mining Co. et al."  The only designation of the property is the simple word "Naragansett," and the amount "now due" is given as $3.59.  Passing by such other questions as may be suggested by the disparity of dates and the paucity of detail in the notice, we think the affidavit was jurisdictionally defective because it shows service of notice by posting only, without any service upon the American Mining Company, one of the known owners, or upon any of the owners included in the designation "*et al.*," and without any averment that the premises were unoccupied so as to authorize posting.  Provisions such as appear in sections 3895 and 3896, Political Code of 1895, are a limitation upon the power of the treasurer to issue the tax deed, and render void any deed issued by him without requiring a compliance with them.  The affidavit in particular is the basis upon which the treasurer is to act, and the conditions from which his power to issue the deed arises must appear by the affidavit.  "If the affidavit shows that the notice was served upon any person other than

the one to whom the property was assessed, it must also show that the person so served was one upon whom the purchaser was authorized to serve the notice. If the service is not made upon the owner, it must be posted upon the property, if it is unoccupied; or, if it is occupied, it must be served upon the person occupying it. It is incumbent, then, upon the purchaser to show by his affidavit whether the property was occupied or unoccupied, and if occupied, that the person upon whom the notice was served was at the time occupying it." (*Simmons* v. *McCarthy, supra; Hall* v. *Capps,* 107 Cal. 513, 40 Pac. 809.)

4. It is contended that unless section 2654, Revised Codes, [6] as amended, is a statute of inhibition or repose, and therefore applicable without plea, the amendment should have been allowed. A careful consideration of this statute fails to disclose that as to tax deeds before its passage, any question of public policy is involved, other than as such question is involved in all statutes of mere limitation; and instead of conferring a right where none existed before, the statute by its very language assumes an existing right, takes a remedy theretofore available as against an invalid tax deed issued before its passage, and changes the time within which that remedy may be invoked. A comparison of this situation with that disclosed in *Franklin* v. *Franklin,* 40 Mont. 348, 20 Ann. Cas. 339, 26 L. R. A. (n. s.) 490, 106 Pac. 353, or with that disclosed in *Dolenty* v. *Broadwater County,* 45 Mont. 261, 122 Pac. 919, will emphasize the distinction between such a provision as the one now before us and one in which time is part of the right of action. *Way* v. *Hooton,* 156 Pa. 8, 26 Atl. 784, contains some language in support of the conclusion that the statute in question is, as to tax deeds issued after its passage, a statute of repose, but that question is not before us. The argument assumes that the respondent had a right of action to annul or set aside appellant's tax deed at the time the statute was enacted, and if, as we hold, the statute is one of limitation so far as such rights are concerned, it follows that advantage of it must be taken by plea in the answer.

The record does not disclose what objections were made nor why the trial court declined to permit the amendment. Respondent makes the suggestion that the statute applies only **[7]** to actions "to set aside or annul a tax deed"; that this is not such an action but one to quiet title merely; hence the statute does not apply. In other words, a plaintiff seeking in fact to destroy the effect of a tax deed must confront the statute if he assail the tax deed as such, but, designing to accomplish precisely the same thing, he may avoid the statute by calling his action one to quiet title, declaring upon his ownership generally and demanding that his adversary appear and plead the tax deed. This is surely a subordination of substance to form; a thing is not changed by changing its name; where the sole object of an action is to get rid of a tax deed as a claim of title adverse to the plaintiff, we see no reason why it is not as much an action to annul or set aside such deed as though expressly so designated. In support of respondent's position, 37 Cyc., pp. 1500 and 1501, is cited; but the decisions there collated seem rather to militate against the position taken. As we read them, the cases of *Kipp* v. *Johnson,* 31 Minn. 360, 17 N. W. 957, *Flickinger* v. *Cornwell,* 22 S. D. 382, 117 N. W. 1039, *Smith* v. *Sherry,* 54 Wis. 114, 11 N. W. 465, seem to support the view that this action as it finally exhibits itself in the agreed statement of facts is subject to the limitational provisions of the statute in question.

But we cannot hold that reversible error occurred in refusing the leave to amend. While it is the policy of our law to permit amendments to pleadings in order that litigants may have their causes submitted upon every meritorious consideration that may be open to them (Rev. Codes, secs. 6588, 6589), and while it is the rule to allow, and the exception to deny, amendments (*Leggat* v. *Palmer,* 39 Mont. 302, 102 Pac. 327; *Flaherty* v. *Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40), yet they **[8]** are not at all stages of the proceedings a matter of right. After issue joined, the matter lies within the sound judicial discretion of the trial court, and an abuse of that discretion must

be made to appear before this court can say that a refusal of leave to amend was wrong. No showing whatever was made [9] by the appellant in support of his application; no explanation or excuse was offered for the delay in making the same. As we recall the oral argument, counsel for appellant stated that he had considered the necessity of pleading the statute and had deliberately chosen not to do so. At the time the application was made the appellant's answer had been on file for something like four months and a half; the cause was before the court for argument; the parties had all agreed, some eleven days before, upon the facts which should be the basis of decision, and it is possible that had the amendment been allowed, further pleadings and additional delay might have been required. The statute of limitations, it is true, is an entirely legitimate defense, and no refusal of leave to amend could be justified solely because the amendment offered was the statute of limitations; but in view of the circumstances above mentioned, we do not feel warranted in saying that the court clearly abused its discretion in refusing the leave.

Such other questions as are discussed in the briefs of counsel are merely incidental. What has been written above disposes of the essentials of these appeals and requires that the judgment and order overruling the motion for new trial be affirmed. Ordered accordingly.                                    *Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied September 20, 1913.