No. 91-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

LLOYD R. DONAHUE,

       Plaintiff and Appellant,

  -vs-

CONVENIENCE DISPOSAL, INC., A Montana corp., and SUE ANN HAGGERTY,

       Defendants and Respondents.

OCT - 9 1991

CLERK ... of
STATE OF ...

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Paul L. Frantz; Morrow, Sedivy & Bennett, Bozeman, Montana.

      For Respondent:

         J. Robert Planalp; Landoe, Brown, Planalp & Braaksma, Bozeman, Montana.

Submitted on briefs:  July 25, 1991

Decided:  October 9, 1991

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Lloyd R. Donahue (Donahue) appeals an order of the District Court for the Eighteenth Judicial District, Gallatin County, which denied Donahue's motion for leave to file a second amended complaint and granted Convenience Disposal, Inc., and Sue Ann Haggerty's (collectively referred to as Defendants) motion to dismiss or in the alternative, motion for summary judgment. We affirm.

Donahue presents the following issues on appeal:

1.  Did the District Court err in denying Donahue's motion to file a second amended complaint?

2.  Did the District Court err in granting Defendants' motion to dismiss or in the alternative, motion for summary judgment?

In November 1983, Donahue worked as a garbage collector for Convenience Disposal, Inc. (Convenience), a garbage collection company located in Bozeman, Montana. Sue Ann Haggerty (Haggerty) was an officer and shareholder of Convenience.

Donahue sustained two injuries while in the course and scope of his employment with Convenience. On November 10 or 11, 1983, Donahue injured his back when he bent over to retrieve loose garbage under a garbage dumpster while he was positioned behind a garbage truck. A co-worker was inside the garbage truck and was mechanically lifting the garbage dumpster at the time of Donahue's injury. The co-worker testified that he was uncertain if this

2

accident occurred. Donahue missed no work time and filed no claim following this incident.

On November 15, 1983, Donahue jumped off the back of a garbage truck, twisted his back, and hit his head against the garbage truck's metal support railing. The garbage truck was being driven by a co-worker at the time of Donahue's injury. Donahue missed work time following this incident.

Following the November 15th incident, Donahue filed a claim with the State Compensation Insurance Fund. In November 1983, Convenience was an uninsured employer under § 39-71-501, MCA; accordingly, Donahue's claim was referred to the Uninsured Employers' Fund. The Uninsured Employers' Fund did not have adequate funds at this time.

On July 12, 1984, Donahue filed with the District Court a complaint against Haggerty d/b/a Convenience to recover damages for his November 15th injury under § 39-71-508, MCA (1983). On January 13, 1986, Donahue filed an amended complaint against the Defendants. Donahue's amended complaint alleges in pertinent part:

II.

> That during the course and scope of Plaintiffs
> [sic] employment with Defendant, and on or
> about November 10 or 11, 1983, the Plaintiff
> herein while in the course and scope of his
> employment did sustain an injury while bending
> down to pick up loose garbage under a garbage
> dumpster which was being mechanically lifted
> by the garbage truck and being operated by a
> co-employee, said garbage dumpster was lowered
> onto Plaintiff's back.

3

### III.

That the Plaintiff as a result of said acci-
dent which occurred on or about November 10 or
11, 1983, did sustain an injury to his back,
but was able to return to his employment with
the Defendant, Convenience Disposal, Inc.

### IV.

That on November 15, 1983, while in the course
and scope of his employment with Defendant,
Convenience Disposal, Inc., the Plaintiff
herein twisted his back jumping off the back
of a garbage truck and in addition to twisting
his back, said Plaintiff hit the back of his
head against a metal support railing as lo-
cated on said garbage truck.

The amended complaint further prays for damages and attorney fees

regarding Donahue's November 10th or 11th and November 15th

injuries under §§ 39-71-509 and -515, MCA (1985).

A jury trial was scheduled for September 24, 1990. During a

pretrial conference on September 7, 1990, the District Court Judge

advised counsel of his legal analysis regarding this case:

> [T]he first issue of law I see - Can the
> Plaintiff recover under 39-71-515? My answer
> to that is no. The reason is that statute
> wasn't passed until 1985, and the accident
> occurred in 1983. There's nothing in the
> statute that says that it is to be applied
> retroactively. I think this brings into play
> Boehm v. Alanon Club, 722 P.2d 1160, where
> [the court] held that 515 cannot be applied
> retroactively and does not apply to injuries
> which occurred prior to 1985.
>
> Now the next one is, number two, Can the
> Plaintiff recover attorney fees[?] And my
> answer to that is no. The reason is because
> Sec. 39-71-515 does not apply to this case.

4

Now question number three is - Can the Plaintiff recover for the accident described beginning in Paragraph (4) of Count I of the Complaint[?] Thats the accident that occurred November 15, 1983. As I see it now, the answer is no. It says the Plaintiff's alleged injury occurred from jumping off the back of the truck and he twisted his back. No allegation of negligence on the part of the Defendant or any co-employee [was alleged in the Complaint]. And without negligence I don't think a regular suit for damages applies.

Number four - Can a Plaintiff recover for injuries resulting from the accident on November 10 or 11, 1983? That's when the garbage dumpster was lowered on his back. The answer is yes if the Plaintiff can show that the co-employee was negligent and that that negligence proximately caused the Plaintiff's injuries. However, from reading the Complaint it appeared that you might have trouble proving injuries, or damages, from that accident, because after that accident the Plaintiff went right back to work and worked until the second accident, which was November 15, 1983.

Now the fifth issue that I see - Can the Plaintiff pursue a claim for benefits from unsecured employers' fund and also maintain a damage action against the Defendant in accordance with 39-71-509. The answer is no, because again, we must apply 509 and also 508, the companion statute, as it existed prior to the 1985 amendment, and thats governed by Boehm v. Alanon Club which I previously cited. And prior to the 1985 amendment, 508 provide[s] "the injured employee may not receive both benefits from the fund and pursue a damage action." The statute prior to 1985, that is 39-71-508 also specifically required the Plaintiff to elect between the two remedies. In this case it seems to me that at the time of the filing of the Complaint he elected to not pursue the uninsured employers' fund case but to rely on the damage action pursuant to 509. In fact, that's what the Complaint specifically says.

5

On September 14, 1990, ten days before the jury trial was to begin, Donahue moved the District Court for leave to file a second amended complaint. On September 14, 1990, the Defendants moved the District Court to dismiss this case, or in the alternative, grant summary judgment. In an order dated September 20, 1990, the District Court denied Donahue's motion for leave to file a second amended complaint holding that its filing "would materially change the issues of the first case in the midst of trial, at least close to trial, and would unduly prejudice the Defendants." The District Court further granted the Defendants' motion to dismiss, or in the alternative, motion for summary judgment. From this order, Donahue appeals.

1. Did the District Court err in denying Donahue's motion to file a second amended complaint?

Montana Rule of Civil Procedure 15(a) provides in pertinent part: "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Furthermore, this Court has held:

> "In the absence of any apparent or declared reason--such as <u>undue delay</u>, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, <u>undue prejudice to the opposing party by virtue of allowance of the amendment</u>, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" [Emphasis added.]

6

Prentice Lumber Co. v. Hukill (1972), 161 Mont. 8, 17, 504 P.2d 277, 282 (citing Foman v. Davis (1962), 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222).

Donahue argues that his amended complaint sufficiently alleges that Defendants' negligence proximately caused Donahue's injuries. Donahue further argues that he sought leave from the District Court to file a second amended complaint only to clarify these allegations of negligence.

We hold that the District Court properly stated in the pretrial conference and later held in its September 20, 1990 order that Donahue's amended complaint did not allege that Defendants' negligence proximately caused Donahue's injuries. Accordingly, Donahue's second amended complaint was an attempt to introduce a new cause of action based on negligence against the Defendants ten days prior to trial. The District Court denied Donahue leave to file the second amended complaint holding that its filing "would materially change the issues of the first case in the midst of trial, at least close to trial, and would unduly prejudice the Defendants."

In Yellowstone Conference of the United Methodist Church v. D. A. Davidson, Inc. (1987), 228 Mont. 288, 741 P.2d 794, the plaintiff moved to amend its complaint to include a new cause of action, a securities fraud claim. This Court held that this amended complaint "offered after four years of discovery and two weeks prior to trial" would have unduly prejudiced the defendants

7

and was properly denied by the District Court. Yellowstone Conference of the United Methodist Church, 228 Mont. at 293, 741 P.2d at 798.

Here, Donahue's second amended complaint, which also included a new cause of action, was offered over six years after Plaintiff's original complaint was filed, four years after our decision in Boehm v. Alanon Club (1986), 222 Mont. 373, 378, 722 P.2d 1160, 1163, and ten days prior to trial. The question of permitting amendments to pleadings is one addressed to the sound judicial discretion of the trial court. Before we will hold a refusal of leave to amend to have been error, appellant must show an abuse of discretion. Cullen v. W.P. Mtg. & Warranty Title Co. (1913), 47 Mont. 513, 134 P. 302. We conclude that there has been no showing that the trial court abused its discretion when it denied the Plaintiff's second motion to amend his complaint under these circumstances. We therefore hold that the District Court properly denied Donahue leave to file a second amended complaint.

2. Did the District Court err in granting Defendants' motion to dismiss or in the alternative, motion for summary judgment?

Donahue argues that the Defendants' motion to dismiss or in the alternative, motion for summary judgment was not timely filed under Montana Rule of Civil Procedure 12(b) and the District Court's scheduling order. Donahue further argues that even if the Defendants' motion was timely filed, the District Court erred in

8

dismissing this action because Donahue should have been allowed to proceed to trial on the alleged November 10th or 11th accident pursuant to Judge Langen's remarks at the pretrial conference. Donahue further argues that the District Court's September 20, 1990 order is ambiguous as it appears to grant both Defendants' motion to dismiss and motion for summary judgment.

In reviewing the District Court's September 20, 1990 order, we agree that it appears that this order granted both Defendants' motion to dismiss and motion for summary judgment. We hold that in this case, the granting of summary judgment in the Defendants' favor was appropriate. Accordingly, we will not discuss Donahue's argument regarding Montana Rule of Civil Procedure 12(b) as it does not apply to summary judgment.

Here, the applicable rule concerning motions for summary judgment is Montana Rule of Civil Procedure 56. Montana Rule of Civil Procedure 56(b) provides that "a party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Therefore, the timeliness of Defendants' motion for summary judgment is not an issue.

Montana Rule of Civil Procedure 56(c) provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

9

as to any material fact and that the moving party is entitled to a judgment as a matter of law." Here, the District Court properly stated in the pretrial conference and later held in its September 20, 1990 order that Donahue's amended complaint is fatally flawed. First, it is based on § 39-71-515, MCA, a statute enacted in 1985. Donahue's accidents and sustained injuries occurred in 1983. This Court has previously held that § 39-71-515, MCA, cannot be applied retroactively, and does not apply to accidents that occurred prior to 1985. Boehm v. Alanon Club (1986), 222 Mont. 373, 378, 722 P.2d 1160, 1163. Second, as previously discussed, Donahue's amended complaint does not allege that his accidents were proximately caused by the negligence of the Defendants. Accordingly, Donahue's amended complaint fails to present a genuine issue for trial, and the Defendants are entitled to judgment as a matter of law. We therefore hold that the District Court properly granted summary judgment in this instance.

Affirmed.

_____
Chief Justice

10

We concur:

_John Conway Harrison_

_Terry Trieweiler_

_William E. Hunt_

_R. C. McDonough_
Justices

11

October 9, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Paul L. Frantz
Morrow, Sedivy & Bennett
P.O. Box 1168
Bozeman, MT 59771-1168

J. Robert Planalp
Landoe, Brown, Planalp & Kommers
P.O. Box One
Bozeman, MT 59771-0001

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
     Deputy