## DOLENTY, EXECUTRIX, APPELLANT, *v.* BROADWATER COUNTY, RESPONDENT.

(No. 3,099.)

(Submitted March 19, 1912. Decided March 26, 1912.)

[122 Pac. 919.]

*Taxation—Payment Under Protest—Statutes—Time to Sue—Limitations—Constitution—Retrospective Laws.*

Taxation—Payment Under Protest—Time to Sue.

1. One of the conditions precedent, a compliance with which was necessary under section 2743, Revised Codes, before amendment (Laws 1909, p. 202), to entitle a taxpayer to maintain an action to recover back taxes paid under protest upon an assessment increased by either the board of equalization or the assessor, was that he must have commenced suit on or before November 30 of the year in which the tax was paid; therefore, where it appeared from the complaint that such an action was not brought until five months after that date, a general demurrer to the pleading was properly sustained.

Statutory Construction—Amendments.

2. An amendatory Act which is not germane to the subject matter of the Act intended to be amended is not of any effect as an amendment.

Statute of Limitations—Demurrer.

3. A general demurrer does not raise the bar of the statute of limitations.

Same—Right to Sue—Time of Essence of Right.

4. Where a statute grants a right which did not exist at common law, and prescribes the time within which the right must be exercised, the limitation imposed does not affect the remedy merely, but is of the essence of the right itself; and one who seeks to enforce the right must show affirmatively that he has brought the action within the time fixed.

Same—Retrospective Laws—Constitution.

5. Under section 13, Article XV of the Constitution, the legislature was without power to re-create the right conferred by section 2743, Revised Codes, to sue for taxes paid under protest during the years of 1907 and 1908, after such right had been lost by failure to bring action on or before November 30 of those years, as it attempted to do by amendment to said section 2743. (Laws 1909, p. 202.)

*Appeal from District Court, Broadwater County; W. R. C. Stewart, Judge.*

ACTION by Isabel Dolenty, as executrix of the will of W. B. Dolenty, deceased, against Broadwater county. From a judgment for defendant, rendered on sustaining a general demurrer to the complaint, plaintiff appeals. Affirmed.

*Messrs. Wight & Pew,* for Appellant, submitted a brief; *Mr. Pew* argued the cause orally.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, submitted a brief in behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover a tax paid under protest. A general demurrer to the complaint was sustained, judgment rendered and entered for defendant, and plaintiff appealed.

The complaint alleges that the only solvent credits owned by W. B. Dolenty at 12 o'clock noon on the first Monday in March, 1908, or at any other time during the same year, which were liable to taxation, were of the value of $1,180, and no more; that such credits were duly listed by the county assessor for taxation, and the assessment made upon that valuation; that thereafter the board of equalization, without notice to Dolenty, and without knowledge on his part of such action or contemplated action, and without making any investigation or hearing any evidence, decided and determined that Dolenty's assessment of solvent credits was incorrect, incomplete, and false, and thereupon directed the county assessor to assess to him solvent credits to the value of $19,785 in addition to those already returned and listed; that thereafter Dolenty appeared before the board, protested against such increase, introduced evidence to show that his original assessment was true and correct, and petitioned the board for a correction of such assessment to the amount originally returned, but that the board refused to make any reduction, and ordered the assessment, as amended by the board, to stand as Dolenty's assessment for solvent credits for that year. It is then alleged that the tax levied and extended upon such increased assessment amounted to $712.26; that this tax was invalid, and was paid under protest. This action was commenced on May 1, 1909.

Conceding, without deciding, some of the contentions made by
appellant, and we have for consideration the principal question
[1]   involved, *viz.:* Can this action be maintained? Apparently,
it is insisted that this action is brought under section 2742 of
the Revised Codes; and it is urged that the limitation found in
section 2743 does not have any application. Section 2742, as
it appeared originally, was enacted March 18, 1895, and is found
in the Political Code of 1895 as section 4024. At that time,
there was not any provision of law corresponding to section
2743, Revised Codes. In 1905 an Act was passed entitled "An
Act to amend section 4024 of the Political Code of the state of
Montana, relating to the protest of taxes, and providing for an
action at law to recover taxes paid under protest, by adding
thereto a section to be known as section 4024–A, relating to as-
sessment and collection of taxes." (Laws of 1905, Chap. 108.)
This title indicates that it was the intention of the legislature
to amend section 4024, Political Code, not to enact a new or
distinct statute; and the amendment thus made, or the principal
part of it, is now found in the Revised Codes of 1907 as sec-
tion 2743. Provision had been made in section 3789, Political
Code (Rev. Codes, sec. 2581), for notice to the taxpayer when-
ever the board of equalization contemplated an increase of his
assessment over the amount returned; but there was not any
provision which declared what the effect of a failure to give
the notice would have upon the tax of the added portion of the
assessment. Manifestly, one purpose of the amendment of 1905
was to provide for like notice whenever the assessor, in advance
of the meeting of the board, contemplated making an increase
of such assessment; and another was to declare that if the as-
sessment was increased, either by the board or the assessor, and
the taxpayer was not given an opportunity to be heard, he might
have the tax upon the increase adjudged to be void, if he paid
under protest and brought his action under section 4024. But
the amendment goes further. It provides that whenever any
person has appeared before the board and has contested the
increase of his assessment, and is aggrieved at the final action

of the board, he may attack the tax upon the increase in court, in an action brought under 4024, upon the grounds and for the reasons advanced by him before the board, and for no other reasons and upon no other grounds. This was a distinct limitation upon the right which he had theretofore enjoyed under 4024 before the amendment went into effect. But the amendment goes still further, and provides that any action brought to recover any tax paid under protest for any reasons mentioned in the amendment must be commenced on or before November 30 of the year in which the tax was paid.

It is suggested by counsel for appellant that the phrase "for any reasons mentioned in this section" limits the class of actions which must be brought on or before November 30 to actions instituted to recover taxes upon the increase made to an assessment by the assessor, and not to an increase made by the board. But this cannot be true. Aside from the first paragraph of the amendment, the Act very clearly discloses that it was the intention of the legislature to have it apply to actions brought to recover a tax paid under protest, whether the tax was upon an increase of the assessment made by the assessor or the board, and whether the taxpayer had been given notice or not. The second proviso of the amendment makes this clear. It provides the rule by which the tax on the increased assessment is to be determined "when an action is instituted to recover any tax paid under protest on the ground and for the reason that the valuation of the property as increased by the board of equalization or assessor, is an overvaluation of such property." If the Act of 1905 did not amend section 4024 in the particular which we have indicated, it did not amend that section at all, and the expressed purpose of the legislature, as indicated in the title of the Act, was defeated; for it is elementary that, if the [2] amendatory Act is not germane to the subject matter of the Act to be amended, then it is not of any effect whatever as an amendment. (36 Cyc. 1056.)

As a further argument in favor of the contention just noticed, counsel for appellant direct attention to the fact that after

these provisions had been carried forward into the Revised Codes of 1907 as sections 2742 and 2743, they were again amended by an Act approved March 10, 1909, and in section 2742 there was inserted the proviso "that any action instituted to recover any tax paid under protest shall be commenced within sixty days after the thirtieth day of November of the year in which such tax was paid" (Laws 1909, p. 202); while section 2743 was amended by modifying the provision, referred to above, to read: "Provided, that any action instituted for the purpose of recovering any tax paid under protest for any of the reasons mentioned in this section shall be commenced within sixty days after the thirtieth day of November, of the year in which such tax was paid." It is argued with much force that, if the limitation in section 2743 applied to actions arising under 2742, then there was not any reason for this amendment to 2742, and that by making the amendment the legislature in effect construed the provision in section 2743 as not applying to actions brought under 2742; and at first blush the argument appears forceful. The provision of section 2743, both before and after the amendment of 1909, applies only to actions brought to recover taxes paid under protest for any of the reasons mentioned in that section; while the amendment to 2742 applies generally to any action instituted to recover any tax paid under protest. Apparently the legislature assumed that taxes might be paid under protest and contested for reasons other than those referred to in section 2743; and it was for the purpose of covering such cases that the amendment to 2742 was made, and a uniform rule established covering all cases of actions to recover taxes paid under protest. This construction seems reasonable; while the contention of appellant is not in harmony with either the expressed declaration of the legislature or the manifest intention disclosed in 2743 before the amendment of 1909 was made. Clearly this action is brought within the provisions of section 2743. The allegations of the complaint bring the action squarely within that portion of the section which reads: "When any person has appeared before the county board of equalization,

and has contested the increase in the estimated value of his property, or the additions of other property to his assessment list, and is aggrieved at the final action of the board in making or allowing such increase or addition, he may, in the action provided for in said section 2742 (4024) of the Political Code, contest and litigate the payment of taxes on such increased valuation or added property list.''

It is insisted by counsel for appellant that the provision of section 2743 which prescribes a limit upon the time for bringing an action, even if applicable to cases arising under 2742, is merely a statute of limitation, the bar of which cannot be raised by a general demurrer to the complaint. If counsel properly characterize the provision, their conclusion is correct. It is the rule in this state that a general demurrer does not [3] raise the question of the bar of the statute of limitations. But we are of opinion that this is something more than a mere statute of limitation. The right to sue for taxes paid under protest is purely statutory. Without the statute, the right would not exist. The same statute which confers the right fixes the time within which it must be exercised and the grounds upon which the right may be asserted. To one situated as Dolenty was, who had appeared before the board and had been unsuccessful in his contest there, the statute prescribes three conditions to his right to maintain an action to recover back the taxes paid upon the increased assessment, *viz.:* (1) The tax must have been paid under protest; (2) he must allege the same grounds of complaint in his action as he urged before the board; and (3) he must have commenced his action on or before November 30 of the year in which such tax was paid. There is not any distinction made as between these several provisions. If the existence of any one of these facts is a condition precedent to plaintiff's right to maintain her action, the existence of each of the others is equally so. If it appeared from the complaint that plaintiff had not paid the tax under protest, the complaint would not state a cause of action under the statute. If it appeared that plaintiff had been before the board, but had been un-

successful, or was aggrieved at the final action of the board, and it further appeared from the complaint that the grounds of her attack in the action were different from those urged before the board, her complaint would be fatally defective under the statute. We do not see any reason for saying that the same rule should not apply as to the third provision; and when it appears that the action was not brought until after November 30 of the year in which the tax was paid, as in this case, the plaintiff thereby discloses that she has not the right to prosecute this action. The state has prescribed the conditions upon which it consents that one of its counties may be sued for taxes paid; and compliance with those conditions is a necessary condition precedent to an exercise of the right thus conferred. (*Haycraft* v. *United States,* 22 Wall. (U. S.) 81, 22 L. Ed. 738; *Hamner* v. *United States,* 13 Ct. of Cl. 7.)

The rule is well settled in this country that whenever a statute [4] grants a right which did not exist at common law, and prescribes the time within which the right must be exercised, the limitation thus imposed does not affect the remedy merely, but is of the essence of the right itself, and one who seeks to enforce such right must show affirmatively that he has brought his action within the time fixed by the statute; and if he fails in this regard, he fails to disclose any right to relief under the statute. (25 Cyc. 1398; *Bank* v. *Powhatan Clay Co.,* 102 Va. 274, 1 Ann. Cas. 83, 46 S. E. 294; *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813, 26 S. E. 431; *Taylor* v. *Cranberry I. & C. Co.,* 94 N. C. 525; *The Harrisburg,* 119 U. S. 199, 30 L. Ed. 358, 7 Sup. Ct. Rep. 140; *Hill* v. *Board of Supervisors,* 119 N. Y. 344, 23 N. E. 921.)

In *Finnell* v. *Southern Kan. Ry. Co.* (C. C.), 83 Fed. 428, the court said: "There is also another class of cases in which a cause of action which does not exist at common law is created by the laws of a state. Causes of action of that character only exist in the manner and form and for the length of time prescribed by the statutes of the state which created them."

In speaking of a statute very similar to the one now before us, the supreme judicial court of Massachusetts, in *Wheatland* v. *City of Boston*, 202 Mass. 258, 88 N. E. 769, said: "It is to be observed that this is not a mere statute of limitations. It establishes certain conditions precedent to the maintaining of an action to recover back a tax. One of these is, in substance, that the payment must have been made under protest, or under certain modes of compulsion mentioned in the statute; the other is that the action shall have been brought within the time specified. Compliance with the latter of these conditions is no less essential to the right of action than compliance with the former."

The principle involved here is analogous to that invoked in adverse suits instituted under section 2326, United States Revised Statutes (U. S. Comp. Stats. 1901, p. 1430); and, since it appears that this action was not commenced on or before November 30, 1908, the plaintiff fails to state a cause of action under the statute, unless she can invoke the benefit attempted to be conferred by the further proviso of the amendment of 1909, which reads as follows: "And provided further, that in all cases where taxes, licenses or other demands have been paid under protest, during the year 1907 and 1908, and no suit has been brought to recover the same, action to recover the same as herein provided shall be brought within sixty days after the passage and approval of this Act; and if not so brought, the same shall be forever barred." If the provision in section 2743 is a statute of limitations merely affecting the remedy, then the power of the legislature to waive any advantage under it, as against the state, might well be conceded; but as we have held that the provision does not affect the remedy merely, but is of the essence of the right conferred, the power of the legislature to re-create a right already lost is specifically withheld by [5] our Constitution. Section 13, Article XV, reads as follows: "The legislative assembly shall pass no law for the benefit of a railroad or other corporation, or any individual, or association of individuals, retrospective in its operation, or which imposes

on the people of any county or municipal subdivision of the state a new liability in respect to transactions or considerations already passed."

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.