BRIGGEMAN, APPELLANT, *v.* CORRIGAN, RESPONDENT.

(No. 4,387.)

(Submitted April 22, 1921. Decided May 23, 1921.)

[198 Pac. 443.]

*Partition Fences—Contribution — Notice — Time — Nonsuit— Causes of Action—Limitations.*

Partition Fences—Premature Construction—Nonsuit.
    1. Section 2087, Revised Codes, provides that where one of several occupants of lands belonging to them in severalty desires a partition fence, the others must, within six months after written notice to that effect, construct their portion of such fence, failing in which the person giving notice may build it and recover the proportion of the expense due from them. Plaintiff in an action to recover by contribution defendant's share of a partition fence, two days before the expiration of the six-month period began its construction. *Held,* that defendant was entitled to the full period of six months before default could be predicated upon his failure to act, and that by acting before its expiration plaintiff forfeited his cause of action for contribution.

Limitations—Right of Action—Notice—Time.
    2. Where a right of action granted by statute is dependent upon the expiration of a certain time, the limitation thus fixed is of the essence of the right, and one seeking to enforce it must show affirmatively that he has complied with its provisions.

———————

1. For authorities on partition fences, see notes in 68 **Am. Dec.** 626; 11 **Ann. Cas.** 199.

*Appeals from District Court, Powell County, in the Third Judicial District; Jeremiah J. Lynch, a Judge of the Second District, presiding.*

ACTION by Joseph Briggeman against Anna C. Corrigan, executrix of the estate of Mary Corrigan, deceased. Defendant's motion for nonsuit was granted, and from the judgment and order denying a new trial, plaintiff appeals. Affirmed.

Cause submitted on brief of Appellant.

*Mr. S. P. Wilson,* for Appellant.

Under sections 2085 and 2086, Revised Codes, plaintiff made a *prima facie* case. The pleadings and proof of plaintiff show that the parties occupied their lands in severalty except that the northern part of defendant's land and section 15 of plaintiff's land were without a partition fence and were grazed by their stock in common. When plaintiff elected and desired to build the partition fence on the south line of section 15 it became defendant's obligation to contribute thereto. This obligation began with the construction of the partition fence by the plaintiff and continued until actual contribution should be made. Under section 2086 defendant had the option for three months after plaintiff had built the fence in question to build her portion, and failing for more than three months so to do she was liable to the plaintiff for one-half the partition fence. This was true by virtue of the obligations imposed by sections 2085 and 2086 and independent of section 2087, and without any notice whatever from the plaintiff to her. Defendant's lands being inclosed as the proof shows, she became liable under section 2086 to the plaintiff for one-half the partition fence between her lands and those of the plaintiff.

Plaintiff made a *prima facie* case under section 4535. This section imposes an absolute obligation upon the defendant as a coterminous owner to build one-half the partition fence between her lands and those of the plaintiff. It was contended

at the trial that this section applies only to fences already built and imposes no liability for the original building of a fence. The case of *Hoar* v. *Hennessy,* 29 Mont. 253, 74 Pac. 452, conclusively forecloses this contention. Under this section, when plaintiff's proof disclosed that he owned land coterminous to the lands of the plaintiff and that he desired to occupy it in severalty and that defendant had not chosen to let her land lie without fencing and when he built the partition fence between his lands and those of defendant he established a legal liability against defendant for contribution. There can be no basis for a holding that the provisions of section 4535 are restricted by the provisions of 2087. Each of these sections gives separate and distinct rights and neither of them repeals the other. In fact, if either of them did repeal the other, section 4535 and its re-enactment, Chapter 132, Laws of 1917, being later enactments than section 2087, would be controlling. The following cases illustrate the obligation imposed by partition fence statutes: *Bliss* v. *Sneath,* 103 Cal. 43, 36 Pac. 1029; *Maudlin* v. *Hanscombe,* 12 Colo. 204, 20 Pac. 619.

MR. COMMISSIONER JACKSON prepared the opinion for the court.

This action is to recover by contribution $92.35, alleged to be defendant's share of the cost of building a partition fence built by plaintiff between the property of the parties. The complaint is in three counts, the first based on section 2087, Revised Codes, the second on sections 2085, 2086, and the third on section 4535. Defendant admits severalty ownership of the lands of both, and that, previous to the building of the fence, the lands were without partition; admits the lands were occupied by the respective owners; admits that plaintiff built the fence; and denies all other allegations.

The record shows the ownership of the lands by the respec[1] tive parties; that both occupied their premises in severalty, which were fenced as against all, except that the northern

part of defendant's land and section 15 of plaintiff's land were without a partition fence, and were grazed by their stock in common; that plaintiff desired to have a partition fence between the lands, and thinks he delivered to defendant, on November 20, 1914, a notice dated November 25, 1914, in conformity with section 2087, Revised Codes; that on May 18, 1915, plaintiff started the construction of the partition fence, and built the whole thereof, completing the same some time early in June of the same year; that defendant has neglected to pay her proportionate share for the fence.

The trial was had to a jury, and at the conclusion of plaintiff's case, the defendant moved for a nonsuit on all three counts. Motion was granted. Plaintiff appeals from the judgment and the order denying a new trial, assigning as error the sustaining of the motion for a nonsuit; the ruling that the testimony introduced did not show plaintiff was entitled to any recovery under any of the causes of action; the denial of the motion for a new trial.

Sections 2085, 2086 and 4535, Revised Codes, have not the slightest application under the proof, as the most cursory examination will show. The showing made by plaintiff from the record plainly entitled him to relief, if any, under section 2087, and none other. But, instead of allowing the defendant the six months as required by statute, the plaintiff, two days prior to the expiration of that time, takes things in his own hands and builds the fence. It is not material that the six-month period had elapsed prior to the time of its completion. Defendant was entitled to every day of the six months before default could be predicated, and before defendant could take advantage of section 2087.

The right to sue under section 2087 is purely statutory. Without such a statute the right would not exist. "The rule [2] is well settled in the country that whenever a statute grants a right which did not exist at common law, and prescribes the time within which the right must be exercised, the limitation thus imposed does not affect the remedy merely, but is of the

essence of the right itself, and one who seeks to enforce such right must show affirmatively that he has brought his action within the time fixed by the statute." (*Dolenty* v. *Broadwater County*, 45 Mont. 261, 122 Pac. 919; *Eby* v. *City of Lewistown*, 55 Mont. 113, 173 Pac. 1163.) And so, in this case, the six months' time prescribed by the statute must have passed before the notifying party is entitled to act, and if he has acted before that, whether it be a day or a month, he has no cause of action, as the lapse of the entire time is of the essence of the right itself.

For the foregoing reasons, we recommend that the judgment and order appealed from be affirmed.

Per Curiam: For the reasons given in the foregoing opinion, it is ordered that the judgment and order appealed from be affirmed.

*Affirmed.*

