# KING, APPELLANT, v. MAYOR OF THE CITY OF BUTTE

## ET AL., RESPONDENTS.

(No 5,545.)

(Submitted September 15, 1924.  Decided October 1, 1924.)

[230 Pac. 62.]

*Police   Officers — Illegal   Removal — Reinstatement — Special
Statutes   of   Limitation—Complaint—Insufficiency.*

Special Limitations of Actions—Complaint must Show That Action
Brought Within Time Limited.
1.  Where a statute creates a right which did not exist at the
common law and prescribes the time within which the right must
be exercised, the limitation does not affect the remedy merely but
is of the essence of the right itself—a condition attached to the
right to sue—and the complaint must show affirmatively that plain-
tiff has brought his action within the time fixed by the statute.

General Statutes of Limitation—Purpose—Defense to be Pleaded Spe-
cially.
2.  General statutes are statutes of repose, enacted to suppress
stale and fraudulent claims and intended for the relief and quiet
of defendants by putting at rest controverted questions of fact;
to take advantage of such statutes as a defense they must be
pleaded specially.

Police Officers—Illegal Removal—Reinstatement—Time Within Which
to Bring Action—Complaint—Insufficiency.
3.  Section 5099, Revised Codes of 1921, provides that no action
for the restoration of a police officer illegally removed from his
office shall be maintained unless it is begun within sixty days from
the date of the accrual of the cause of action. Plaintiff's com-
plaint showed upon its face that the action had not been commenced
until five months after the accrual of the cause of action. *Held,*
under the rule above (par. 1) that judgment of dismissal was
proper.

Special Limitations of Actions—Statutes Extending Time Inapplicable.
4.  *Held,* that section 9054, Revised Codes of 1921, extending the
time fixed by the general statutes of limitations for the commence-
ment of the ordinary actions for specified reasons, has no applica-
tion to a cause of action for which a special limitation period is
prescribed, *i. e.,* one where the time within which suit must be
brought is a condition attached to the right to sue.

*Appeal from District Court, Silver Bow County; Wm. E.
Carroll, Judge.*

ACTION by Bernard King against the Mayor of the City of
Butte and others.  Judgment for defendants and plaintiff ap-
peals.  Affirmed.

*Mr. M. S. Galasso* and *Mr. Frank E. Blair,* for Appellant, submitted an original and a supplemental brief; *Mr. Galasso* argued the cause orally.

*Mr. J. T. Andrew* and *Mr. F. E. Blodgett,* for Respondents, submitted a brief; *Mr. Blodgett* argued the cause orally.

MR. JUSTICE RANKIN delivered the opinion of the court.

Plaintiff, formerly a police officer of the city of Butte, was charged before the examining and trial board of the police department of that city with being intoxicated while on duty. The board, after trial and hearing on June 30, 1922, found him guilty as charged and the day following the mayor approved the findings and dismissed him from the police force. Within sixty days he sought reinstatement, by instituting proceedings in *mandamus* directed against the mayor, upon whose application the proceedings were later dismissed. Thereafter, on November 25, 1922, he filed an action in the district court, under the provisions of section 5099 of the Revised Codes of 1921, against the mayor and the members of the examining and trial board to require them to reinstate him. The cause was tried to the court sitting without a jury, and in effect resulted in a judgment of dismissal, from which plaintiff appealed.

The defendants urge that the trial court was without **[1–3]** jurisdiction to hear the cause, their contention being that the action was not commenced within the statutory period of sixty days after the decision of the examining and trial board.

Section 5099 provides: " * * * The district court of the proper county shall have jurisdiction, however, in a suit brought by the officer or member, to determine whether the essential requirements of law have been complied with in the matter of his trial, but such suit must be brought by such officer or member within a period of sixty days following the de-

cision of said board; * * * provided, further, that no action for the restoration to office by any member of the police department unlawfully or illegally removed or excluded from office shall be maintained unless the same is begun within a period of sixty days from the date of accrual of the cause of action. * * * ''

The complaint upon its face shows that this action was not instituted until November 25, 1922, nearly five months after the cause of action accrued. Plaintiff, however, contends that section 5099 is a statute of limitations, and that the defendants, having failed to plead it, waived its benefits. This brings us to the question whether the sixty-day limitation provided in section 5099 affects only the remedy or is one of the conditions upon which the right of action depends.

In the case of *Dolenty* v. *Broadwater County,* 45 Mont. 261, 122 Pac. 919, Mr. Justice Holloway said: "The rule is well settled in this country that whenever a statute grants a right which did not exist at common law, and prescribes the time within which the right must be exercised, the limitation thus imposed does not affect the remedy merely, but is of the essence of the right itself, and one who seeks to enforce such right must show affirmatively that he has brought his action within the time fixed by the statute; and, if he fails in this regard, he fails to disclose any right to relief under the statute. (25 Cyc. 1398; *Bank* v. *Powhatan Clay Co.,* 102 Va. 274, 1 Ann. Cas. 83, 46 S. E. 294; *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813, 26 S. E. 431; *Taylor* v. *Cranberry I. & C. Co.,* 94 N. C. 525; *The Harrisburg,* 119 U. S. 199, 30 L. Ed. 358, 7 Sup. Ct. Rep. 140 [see, also, Rose's U. S. Notes]; *Hill* v. *Board of Supervisors,* 119 N. Y. 344, 23 N. E. 921.) ''

Adhering to the foregoing rule, this court, in the case of *Eby* v. *City of Lewistown,* 55 Mont. 113, 173 Pac. 1163, in construing an Act requiring the filing of written objections to improvement district proceedings within sixty days, said: "By many of the courts these provisions are classed as special statutes of limitation, in that the giving of the required notice is

a preliminary step necessary to be taken to enforce the claim. (*Schmidt* v. *Fremont,* 70 Neb. 577, 97 N. W. 830; *Belkin* v. *Iowa Falls,* 122 Iowa, 430, 98 N. W. 296; *Van Auken* v. *City of Adrian,* 135 Mich. 534, 98 N. W. 15.) In our opinion, the better view is that the giving of the notice is of the essence of the right of action itself, without allegation and proof of which no recovery can be had. (*Dolenty* v. *Broadwater County,* 45 Mont. 261, 122 Pac. 919.)'' (See, also, *Pierson* v. *Davis,* 70 Mont. 106, 224 Pac. 235.)

Illustration of the rule is found in *Franklin* v. *Franklin,* 40 Mont. 348, 20 Ann. Cas. 339, 26 L. R. A. (n. s.) 490, 106 Pac. 353, wherein this court approved of the following: ''The statute on which the court below refused the decree in this case is not a mere statute of limitations. It enters into, and is a substantive part of, the right or cause of action, and the party seeking the relief for which it provides must affirmatively establish, before the decree of divorce can be granted, that the action was brought within the two years specified by the statute.''

In *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772, in construing section 7525, Revised Codes of 1907, which provided, ''All claims arising upon contracts * * * must be presented within the time limited in the notice, and any claim not so presented is barred forever,'' this court said: ''These statutes of nonclaim are special in character; they supersede the general statutes of limitations, and compliance with their requirements is essential to the foundation of any right of action against an estate upon a cause of action which sounds in contract.''

Similarly, in actions to recover for death by wrongful act, where the right to sue is not of common-law origin, but solely the creature of the ''Lord Campbell's Acts'' of the several states, which contain conditional provisions requiring that suits be instituted within a given time, it has been almost universally held that such provisions are not simply statutes of

limitations which affect the remedy, but conditions upon which
the right to sue depends. (*McRae* v. *New York etc. R. Co.,*
199 Mass. 418, 15 Ann. Cas. 489, 85 N. E. 425; *Anthony* v.
*St. Louis, I. M. & S. Ry. Co.,* 108 Ark. 219, 157 S. W. 394;
*De Martino* v. *Siemon,* 90 Conn. 527, 97 Atl. 765; *Negaubauer*
v. *Great Northern Ry. Co.,* 92 Minn. 184, 104 Am. St. Rep.
674, 2 Ann. Cas. 150, 99 N. W. 620; Wood on Limitations of
Actions, 4th ed., par. 9, p. 41; Tiffany on Death by Wrongful
Act, 2d ed., par. 121.)

General statutes of limitations were at one time regarded as
statutes of presumption, upon the theory that the cause of
action was presumed to have been disposed of upon the merits,
or that it was originally invalid. The modern doctrine, how-
ever, is that they are statutes of repose, enacted to suppress
stale and fraudulent claims, and intended for the relief and
quiet of defendants by putting at rest controverted questions
of fact. (3 Parsons on Contracts, c. 6; *Anaconda Mining Co.*
v. *Saile,* 16 Mont. 8, 50 Am. St. Rep. 472, 39 Pac. 909; *Ker-
rigan* v. *O'Meara, ante,* p. 1, 227 Pac. 819; 25 Cyc. 893.) The
principles underlying this later doctrine were forcibly ex-
pressed by Mr. Justice Story, in *Bell* v. *Morrison,* 1 Pet.
(U. S.) 351, 7 L. Ed. 174 [see, also, Rose's U. S. Notes], thus:
"It is a wise and beneficial law, not designed merely to raise
a presumption of payment of a just debt, from lapse of time,
but to afford security against stale demands, after the true
state of the transaction may have been forgotten, or be in-
capable of explanation, by reason of the death or removal of
witnesses."

To take advantage of the general statutes of limitations as
a defense, they must be pleaded specially. (*Grogan* v. *Valley
Trading Co.,* 30 Mont. 229, 76 Pac. 211; *State ex rel. Kolbow*
v. *District Court,* 38 Mont. 415, 100 Pac. 207; *American Min.
Co., Ltd.,* v. *Basin & Bay State Min. Co.,* 39 Mont. 476, 24
L. R. A. (n. s.) 305, 104 Pac. 525; *Cullen* v. *Western Title
Co.,* 47 Mont. 513, 134 Pac. 302.) The rule is otherwise in the
case before us, where the sole and exclusive right of plaintiff

to sue is found in section 5099, with the sixty-day limitation of time so closely interwoven with that right as to make it an integral part of it and a condition precedent to the maintenance of the action. In such cases the complaint must show affirmatively that the action was brought within the time fixed by the statute. Plaintiff, not having commenced the action within the statutory period, has failed to disclose any right to relief under the statute.

Plaintiff suggests that section 9054 of the Revised Codes of [4] 1921 extended the time within which he was required to bring the action one year from the termination of the proceeding in *mandamus*. That section provides that, if an action commenced within the time limited by law shall fail for specified causes, the plaintiff may bring a new action within a year after the termination of the original action. It extends the time fixed by the general statutes of limitations for the commencement of the ordinary actions. It does not apply to a cause of action created by a statute which prescribes a special limitation period, where the time within which the suit must be brought operates as a limitation of the liability itself, and not of the remedy alone. It is a condition attached to the right to sue. (*Dowell* v. *Cox*, 108 Va. 460, 62 S. E. 272; *Norton* v. *Erie R. Co.*, 167 N. Y. Supp. 177; *Partee* v. *St. Louis & S. F. R. Co.*, 204 Fed. 970, 51 L. R. A. (n. s.) 721, 123 C. C. A. 292; *Cavanaugh* v. *Ocean Steam Nav. Co.*, 13 N. Y. Supp. 540.)

Section 9054 had its origin in the Bannack Statutes of 1864, where it appears in part as section 17, page 469, and by amendment in 1895 it was enacted as it is now written. Section 5099 was passed in 1921, at which time the legislature, doubtless cognizant of the multiplicity of lawsuits and dilatory proceedings which theretofore had involved the right of removal of police officers in this state, and which form a part of the records of this court, made the sixty-day limitation of the essence of the right to sue and made that time limit final. When the legislative assembly enacted section 5099, it did not

intend that by the application of section 9054 an extension of a year should be granted to a litigant who had slept on his rights, as a reward for inadvertence or laches.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

Rehearing denied November 15, 1924.