GREEN v. GRAND TRUNK WESTERN RAILROAD CO.

1. HIGHWAYS AND STREETS—VACATION—CUL-DE-SAC—FRAUD.
   In suit to recover damages solely because defendant railroad's right of way was so placed as to result in leaving plaintiffs' property facing a cul-de-sac and necessitating that they travel some 600 feet more to reach the heart of the city, the matter of damages from other causes having been adjudicated in condemnation proceedings, finding of trial court that there was no fraud or abuse of discretion on the part of the city in closing such street or fraud on the part of State highway commissioner or railroad *held*, without error.

2. EQUITY—LACHES.
   Lot owners who waited more than six years before commencing suit and whose object was to recover damages for closing of street incident to relocation of railroad right of way and construction of system of grade separations through their subdivision and long after adjudication of claims incident to condemnation proceedings *held*, not entitled to relief, the case being controlled in such respect by *Kipp* v. *State Highway Commissioner*, 286 Mich. 202.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 13, 1938. (Docket No. 49, Calendar No. 40,229.) Decided December 21, 1938.

Bill by Edith C. Green and Levant E. Bedell against Grand Trunk Western Railroad Company, a corporation, City of Royal Oak, a municipal corporation, and Murray D. Van Wagoner, State Highway Commissioner, to secure the dedication of a street or to secure condemnation proceedings of plaintiffs' property or for other relief. Ralph H.

Beach and wife intervened as parties plaintiff. Romeo Depositors Corporation substituted in place of plaintiff Levant E. Bedell. Bill dismissed. Plaintiffs appeal. Affirmed.

*Arthur E. Moore,* for plaintiffs.

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *Charles P. Webster,* Assistants Attorney General, for defendant State Highway Commissioner.

*H. V. Spike* and *John J. Gafill,* for defendant railroad company.

CHANDLER, J. In this case, plaintiff Green is the owner of lot 184 of Edgewood Park subdivision of the city of Royal Oak. The Romeo Depositors Corporation, by virtue of foreclosure proceedings against Levant E. Bedell, is the owner of lot 185 of the same subdivision, and intervening plaintiffs, Beach and wife, are the owners of lot 121 in said subdivision.

All are making the same complaint and seeking the same relief. The three parcels of land above described face upon a public street known as Oakland avenue. On March 31, 1930, the commissioners of the city of Royal Oak in a regular manner passed a resolution vacating certain streets and alleys within the said city, one of the streets so vacated being a part of Oakland avenue east of the property of plaintiffs. No portion of the mentioned lots is physically touched by that part of Oakland avenue which has been vacated. The vacation of the east end of the street leaves access to plaintiffs' property only from the west, leaving the lots fronting on a cul-de-sac. This causes plaintiffs the incon-

venience in going to the heart of the city to travel a distance of approximately 2,700 feet, whereas, before the vacation of that part of Oakland avenue, they were required to travel approximately 2,100 feet.

The action of the commission in vacating this part of Oakland avenue and other streets and alleys in said city was in pursuance of an agreement dated November 25, 1929, between the city, the State of Michigan, and the Grand Trunk Western Railroad Company which provided for the relocation of the tracks of the said railroad company through the city and provided for 11 grade separations in consideration of the vacation of certain streets and alleys. The conditions of the contract and the proceedings had thereunder are fully detailed in the opinion of Justice McALLISTER in the case of *Kipp* v. *State Highway Commissioner,* 286 Mich. 202. Therefore, what we might say here with reference to the contract would be a repetition of what was in that case fully detailed.

In condemnation proceedings, the plaintiffs have received compensation for any and all violations of restrictions and damages due to the elevation of the tracks of the railroad.

The relief sought now is that defendants provide a dedicated street or highway· to the east of plaintiffs' property connecting Oakland avenue to other streets, or proceed with a suit to condemn plaintiffs' property rights in the premises; that in case of the failure of defendants either to dedicate a new connecting highway or to commence condemnation proceedings, the vacation proceedings taken by the city of Royal Oak be decreed null and void, and that the defendant railroad company be required immediately to remove its right of way and railroad tracks

from the vacated street and the city be required to reopen the avenue.

It is, therefore, clear that the relief really sought by plaintiffs is damages because ingress and egress to and from their property has been cut off from the east. The bill of complaint was filed June 9, 1936, more than six years after the vacation proceedings and five years after the commencement of the building of the grade separation which obviously would close Oakland avenue to the east, and which was clearly apparent to plaintiffs and others to involve the expenditure of a tremendous sum of money as a part of a system of grade separations in the city of Royal Oak. Plaintiffs allege that they made repeated and continued objections to the defendants as to the closing of the street and were repeatedly assured and advised by both the city and by representatives of the railroad company and the State Highway Commissioner that substituted streets would be provided so that there would be ingress and egress from plaintiffs' said properties to the adjacent streets on the east, and that they were advised and led to believe by defendants that there would be property to the east dedicated to the public for use as a highway of the statutory width of 66 feet.

Upon hearing of the cause, the trial court found that there was no fraud or abuse of discretion on the part of the city commission of Royal Oak in closing the avenue as it did, but that on the contrary said city exercised the best of judgment which will for years to come inure to the benefit of all of the people of the city and others who by chance may use the streets. The court also determined that damages resulting from a breach of restrictions could not be considered, the question having been removed by the payment of compensation, and that the dam-

ages, if any, to plaintiffs were of a speculative nature due to the fact that ingress and egress to and from their lands is still possible; that the only damage was the inconvenience of having to go some distance further in traveling to the heart of the city; and that such damage was no different in kind than that suffered by the general public.

Plaintiffs claim that the following is the only question involved: "Where the closing of a street cuts off access to property in the same city block from the general system of streets in that direction and the property is left fronting on a cul-de-sac with remaining access only from the opposite direction, must condemnation be had and damages paid?" They contend the trial court was in error in answering the question in the negative.

Defendants' counter-statement of questions involved submits:

(1) That plaintiffs' damage, if any, is no different in kind from that of the general public, and that they are not entitled to have condemnation proceedings instituted for determination of damages;

(2) That the plaintiffs are guilty of laches in failing to bring an action for more than six years after the city had passed a resolution closing the street;

(3) That plaintiffs, having waited more than six years after the vacation of said streets before bringing this action, are barred by the statute of limitations from maintaining this action; and,

(4) That where their claim for violation of restrictions, including damages for closing of streets, has been adjudicated by commissioners in condemnation proceedings, plaintiffs cannot several years later ask for condemnation of their alleged rights because of the closing of such streets.

We are in accord with the finding of the trial court that there was no fraud or abuse of discretion on the part of the commission of the city of Royal Oak in closing Oakland avenue, and that neither of the other defendants is guilty of any fraud of which plaintiffs can complain.

We do not find it necessary to pass upon the question as to whether plaintiffs have suffered any inconvenience or damages other than that suffered by the general public, nor as to whether the determination of the commissioners in the condemnation proceedings is *res judicata* of the claims now asserted by plaintiffs. We do, however, find that this court in the case of *Kipp* v. *State Highway Commissioner, supra,* passed upon defendants' counter-statement of questions, two to four, inclusive, favorable to the contentions of defendants, and we adopt the findings and conclusions of law reached in that case as decisive of the questions here presented.

Decree affirmed, with costs to defendants.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.