STRANAHAN, Appellant, v. CITY OF HAVRE, Respondent.

(No. 8,243.)

(Submitted November 18, 1941.  Decided December 3, 1941.)

[119 Pac. (2d) 629.]

*Mr. Harry C. Alley* and *Mr. C. R. Stranahan,* for Appellant, submitted a brief; *Mr. Alley* argued the cause orally.

594

*Mr. Peter M. Rigg,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

In this case the administrator of the estate of Mary Stranahan brought suit against the City of Havre seeking to recover damages as a consequence of the city raising the street level which resulted in the flooding of her property. The case was tried before a jury and the verdict was in favor of the defendant. From the judgment the plaintiff appealed.

Plaintiff contends that his cause of action was erroneously held to be barred by the statute of limitations. The record discloses that the jury was instructed to hold for the defendant if they found that the action was not brought within five years after completion of the change in grade or within two years after the overflow of water on the land in question; the jury was also instructed on the subject of laches. We have no way of determining upon what ground the jury found for the city.

In regard to the application of the statute of limitations, plaintiff contends that his cause of action arises by virtue of section 14 of Article III of the Montana Constitution, which is as follows: "Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner."

Because the cause of action arises under this constitutional provision, the plaintiff asserts that no statute of limitations runs against it. To do so, the plaintiff argues, would force a person into an affirmative act to stop the running of the statute, which is inconsistent with the rights guaranteed in the Constitution.

For this contention the plaintiff relies upon the case of *Eby* v. *City of Lewistown*, 55 Mont. 113, 173 Pac. 1163, 1165. In that case the facts are quite similar to those here. The city there proceeded to, and did, raise the level of the street and thereby made the abutting premises of the plaintiff lower than the street

level. The city, upon being sued, set up the provision of section 13 of Chapter 89 of the Laws of 1913, which required the owner of any property damaged to estimate the damage and file a claim within sixty days, and, if he did not, he waived his right to claim damages. On appeal the question was squarely before this court as to whether this provision was in conflict with section 14, Article III of the Montana Constitution. This court held that the provision was not a statute of repose as is the case of the ordinary statute of limitations but one which affected the right of action, and as such was in conflict with the constitutional right. The distinguishing feature between that case and this is that here we are dealing with an ordinary statute of limitations which affects the remedy only, and the Constitution does not prohibit the legislature from enacting such type of statute. In the *Eby Case* the court expressly held that the provision there under consideration was one affecting the right rather than the remedy. It said: "In our opinion, the better view is that the giving of the notice is of the essence of the *right of action itself*, without allegation and proof of which no recovery can be had. (*Dolenty* v. *Broadwater County*, 45 Mont. 261, 122 Pac. 919.)" The *Eby Case* made it clear that the legislature had the right to enact statutes of limitation but simply held that the statute there under consideration was not one of limitations.

As to the application of the ordinary statutes of limitation in actions for consequential damage as a result of taking or damaging property for public use, there are cases cited from 29 states in the annotation in 30 A. L. R. 1190. Among those cases are many dealing with the application of statutes of limitation under facts similar to those here. In those cases limitation statutes are applied in many cases where property has been damaged as a consequence of a taking of adjacent property for public use. In none is the statute of limitations declared to be in contravention of the Constitution. Among the more recent cases are the following: *Wine* v. *Commonwealth*, 301 Mass. 451, 17 N. E. (2d) 545, 120 A. L. R. 889; *Green* v. *Grand Trunk Western R. Co.*, 287 Mich. 29, 282 N. W. 890; and *Ivester* v.

*City of Winston-Salem,* 215 N. C. 1, 1 S. E. (2d) 88. There is no controversy here as to whether the court applied the proper statutes of limitation.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.