No. 90-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

PACIFIC POWER & LIGHT COMPANY,
PUGET SOUND POWER AND LIGHT COMPANY,
PORTLAND GENERAL ELECTRIC CO.,
WASHINGTON WATER POWER CO.,
and THE MONTANA POWER COMPANY,

Petitioners and Appellants,

v.

THE DEPARTMENT OF REVENUE OF
THE STATE OF MONTANA,

Respondent and Respondent.

FILED

JUN 11 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

               Thomas H. Nelson; Stoel, Rives, Boley, Jones & Grey,
               Portland, Oregon
               Donald R. Murray; Murphy, Robinson, Heckathorn &
               Phillips, Kalispell, Montana

        For Respondent:

               Paul Van Tricht, Montana Department of Revenue


                              Submitted: May 10, 1991

                                Decided: June 11, 1991

Filed:

                              Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is a judicial review of an administrative action. The District Court for the First Judicial District, Lewis and Clark County, affirmed the decision of the State Tax Appeals Board to dismiss the challenge made by petitioners and appellants to the classification of their "beneficial use" interest in electrical transmission lines. We affirm.

The issue is whether a taxpayer whose assessment has been revised by the Department of Revenue has a right to administrative review of the assessment in its entirety, or of only those aspects of the assessment which were changed in the revision.

Petitioners are investor-owned utility companies which use the Bonneville Power Administration (BPA) 500 kV transmission lines and have been taxed by the State of Montana for their "beneficial use" of the lines running through the state. Beginning in 1984, respondent Department of Revenue (DOR) has taxed the utilities for their "beneficial use" of the BPA transmission lines between Townsend, Montana, and Garrison, Montana, and since 1986 petitioners have been taxed for use of portions of the lines west of Garrison. Since 1984, petitioners' "beneficial use" has been classified as Class 11 property under § 15-6-141, MCA.

Each year since 1984, the petitioners have paid their taxes under protest and have filed suit to protest the taxes on constitutional grounds. In 1988, DOR revised the beneficial use tax

assessments for 1986 and 1987. This revision resulted in additional taxes to the petitioners of approximately $1.8 million for the two tax years in question. Petitioners attempted to file amended complaints in District Court raising the issue of whether their "beneficial use" interest had been incorrectly classified as Class 11 property. The District Court ordered that the filing of amended complaints would not be allowed. The District Court's decisions in that case were affirmed in Pacific Pow. & Light v. Dept. of Revenue (Mont. 1991), 804 P.2d 397, 48 St.Rep. 9.

Following the 1988 DOR revision of their taxes, petitioners also filed this appeal to STAB. The appeal included a claim that the "beneficial use" interest had been incorrectly classified as Class 11 property for the years 1986 and 1987. STAB granted DOR's motion to dismiss that claim on grounds that the petitioners had not challenged the classification in a timely manner and that STAB was therefore without jurisdiction to hear the issue. Petitioners appealed that ruling to District Court.

The District Court affirmed STAB's ruling. It noted that § 15-2-302, MCA, requires that appeals to STAB must be made within thirty days of receipt of notice of a DOR decision. Because the revised assessments DOR sent out in 1988 for the years 1986 and 1987 did not change the property's classification, the court reasoned, the appeal of the classification was not timely. The appeals on the 1986 and 1987 classifications were not made until

3

twelve and twenty-four months after DOR classified petitioners' property as Class 11 property for those years.

The standards for judicial review of an agency decision are set forth in § 2-4-704, MCA. The petitioners argue that the standard applicable to this case is that the court may reverse or modify if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are in violation of constitutional or statutory provisions. Section 2-4-704(2)(a)(i), MCA. Petitioners assert that, in this instance, "the usual application of administrative expertise which forms the underlying basis for the abuse of discretion standard is not present."

The District Court pointed out that STAB concluded that it was without jurisdiction. The standard of review of conclusions of law is merely to determine if the agency's interpretation of the law is correct. Steer, Inc. v. Dept. of Revenue (Mont. 1990), 803 P.2d 601, 603, 47 St.Rep. 2199, 2200. We will apply that standard of review, which allows us to consider petitioners' arguments fully.

Section 15-2-302, MCA, provides in relevant part:

> (1)  A person may appeal to the state tax appeal board any action of the department of revenue involving:
>
> (a)  property centrally assessed under chapter 23 of this title;
>
> . . .

4

> (2) The appeal is made by filing a complaint with the board within 30 days following receipt of notice of the department action.
> . . .

Petitioners argue that, because the 1988 revisions significantly modified the DOR's overall assessment methodology, the entire tax assessment is open to appeal. They claim that complex tax assessments must be viewed as a whole, and cannot be separated neatly into distinct unrelated parts.

We disagree. The processes of assessment of property and classification of property are codified in different statutes. See Part 1, Chapter 6 of Title 15 and Part 1, Chapter 23 of Title 15. As this Court has stated, the process of classification is separate from the assessment of property or the determination of assessed value. Butte Electric Ry. Co. v. McIntyre (1924), 71 Mont. 21, 227 P. 61. Moreover,

> [t]he right to sue for taxes paid under protest is purely statutory. Without the statute, the right would not exist. The same statute which confers the right, fixes the time within which it must be exercised and the grounds upon which the right may be asserted.

Dolenty v. Broadwater County (1912), 45 Mont. 261, 266, 122 P. 919, 921.

The DOR's action in 1988 changed only the assessment of petitioners' property, not its classification as Class 11 property. The function of a court in construing a writing, including a statute, is "simply to ascertain and declare what is in terms or

5

in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-4-101, MCA. We conclude that under § 15-2-302, MCA, the complaint filed with STAB was limited to the action taken by DOR in the revised assessment. Under that statute, any complaint based on alleged improper classification of petitioners' property must have been filed within thirty days of the department action so classifying the property. The petitioners' claim that their property was improperly classified was untimely, and STAB was correct in concluding that it was without jurisdiction to hear that portion of the complaint.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6